STATE OF MONTANA, Plaintiff and Respondent, *v.* DONALD L. SHAFFER, Defendant and Appellant.

No. 87-018.
Submitted on Briefs May 28, 1987.
Decided June 17, 1987.
738 P.2d 491.

Mike Greely, Atty. Gen., Joe R. Roberts, Asst. Atty. Gen., Helena, Susan Loehn, Lincoln Co. Atty., Libby, for plaintiff and respondent. Donald L. Shaffer, Libby, pro se.

MR. JUSTICE GULBRANDSON delivered the Opinion of the Court.

Donald L. Shaffer, the defendant, appeals his conviction in Lincoln County District Court for driving under the influence of alcohol. The issue presented to this Court is whether the District Court erred in allowing evidence and argument on the contents of anonymous phone calls. We affirm.

On February 13, 1986, at 12:01 a.m., the police station in Eureka, Montana, received a phone call from an anonymous adult woman reporting that a blue station wagon, Montana license number 56-2471, was traveling toward Libby at a high rate of speed. Four or five minutes later, the police station dispatcher received a second anonymous phone call from a man who reported that his vehicle had nearly been run off the road by a vehicle. The caller's description of the speeding vehicle was, in the dispatcher's words, "exactly the same" as the earlier report. The dispatcher informed a deputy sheriff patrolling near Eureka and the sheriff's office in Libby that the vehicle was traveling toward Libby, or in a southerly direction. Two officers in separate cars met the described vehicle on the highway north of Libby. The first officer to see the vehicle reported that the vehicle's license plate number matched that of the number earlier reported to the dispatcher. The second officer eventually was able to stop the vehicle after clocking it by radar at 47 m.p.h. in a 35 m.p.h. speed zone. Another officer arrived at the scene soon thereafter. According to the arresting officer, the defendant smelled of alcohol, slurred his speech, appeared to be off-balance, used obscene language, and was very argumentative and aggressive. After being informed of the two anonymous phone calls, the defendant denied having been in the Eureka area since 5:00 p.m. that day. In addition, the defendant refused to follow the officer's directions for perform-

ing various field sobriety tests and was thereafter arrested for driving under the influence of alcohol (DUI), Section 61-8-401, MCA. A videotaped interview showed the defendant refusing to take a breath-alcohol test, using obscene language, slurring his speech, and being obnoxious and irate toward the officers. The defendant was found guilty in Justice of the Peace Court and he appealed to District Court. The three officers who witnessed the defendant on the date of the incident all testified that in their opinion the defendant was under the influence of alcohol. Furthermore, they gave reasons to justify their opinions. The dispatcher, over objection, testified as to the anonymous phone calls she received on the night the defendant was arrested. That testimony was referred to in the State's final argument and the record discloses that no objection or motion to strike was made by the defendant. It should be noted that the dispatcher asked for the names of the anonymous callers but the callers refused to disclose that information. The jury returned a guilty verdict and the court sentenced the defendant to 48 hours in jail, suspended his driving privileges for six months, imposed a fine of $400, and ordered the defendant to attend the Montana Court School at his own cost.

The issue before us is whether the District Court erred in allowing evidence and argument on the contents of anonymous phone calls. The defendant argues that the State's reference to the phone calls at trial constituted a violation of his right to confront witnesses under the state and federal constitutions.

The standard of review is the substantial evidence test. This test is met if a reasonable mind would accept the evidence as supporting the conclusion reached. *State v. Oman* (Mont. 1985), [218 Mont. 260,] 707 P.2d 1117, 42 St.Rep. 1565. We believe the stopping of defendant's vehicle was justified and we cite the following:

"All that is required of an officer in making an investigatory stop is that he have a "particularized" or "reasonable" suspicion that criminal activity may be afoot. This is the applicable standard for an investigative stop of a vehicle; or in other words 'some basis from which the court can determine that the detention was not arbitrary or harassing.' " *State v. Gopher* (Mont. 1981), 631 P.2d 293, 295, 38 St.Rep. 1078, 1081, relying on *United States v. Cortez* (1981), 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621."
*State v. Sharp* (Mont.1985), [217 Mont. 40,] 702 P.2d 959, 962, 42 St.Rep. 1009, 1012.

The arresting officer had a justifiable reasonable suspicion

that a possible DUI offense was in progress. Information as to the vehicle's description, license number, and direction of travel was corroborated by two officers. Moreover, the defendant was speeding at the time his vehicle was clocked by the arresting officer. The officer's reasonable suspicion which justified the stop ripened into probable cause to arrest for DUI upon the officer's observations of the defendant's impaired motor functions. We find substantial evidence independent of the anonymous tips to support the conviction. We refer to evidence of the defendant's intoxicated condition as testified to by three officers, defendant's slurring of his speech, use of obscene language toward the officers, and other obnoxious and aggressive behavior as shown on the videotaped interview. Clearly, the evidence presented indicates that there was ample justification for placing the defendant under arrest for DUI.

The defendant argues that since the names of those giving the tips to the police were not disclosed at trial, his state and federal constitutional right to confront his witnesses has been violated. He cites *Moore v. U.S.* (1976), 429 U.S. 20, 97 S.Ct. 29, 50 L.Ed.2d 25, for support. That case is distinguishable on facts. In *Moore*, the police received a tip from an informant that Moore and others were in possession of heroin at "Moore's apartment." The police executed a search warrant and found Moore and a woman in close proximity to a quantity of heroin on a coffee table. In adjudging Moore guilty, the trial court expressly relied on the hearsay declaration of the informant. The United States Supreme Court reversed and remanded, stating that "whether or not the evidence of proximity alone, when viewed in the light most favorable to the prosecution, could suffice to prove beyond a reasonable doubt that Moore was in possession of the heroin, the fact is that the trial court did not find Moore guilty on that evidence alone." 429 U.S. at 22, 97 S.Ct. at 30. The Court therefore remanded as to whether the wrongful admission of the hearsay evidence was harmless error.

Here the two tips were corroborated by two investigating officers and were used in conjunction with evidence of the vehicle's excessive speed to effectuate a justifiable stop of the vehicle. The tips were not, as in *Moore*, the essential evidence upon which the defendant was convicted; testimony by law enforcement personnel and the videotape constituted the essential evidence at trial.

We believe the issue presented by defendant involves hearsay, not the right of confrontation of witnesses. Rule 801(c), M.R.Evid. states:

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

We conclude that the two anonymous phone calls were offered in evidence to establish a reasonable suspicion that a driving violation was underway. Both calls concerned a vehicle traveling toward Libby at an excessive speed, and in fact the defendant was clocked at 47 m.p.h. in a 35 m.p.h. speed zone. The calls did not mention the defendant's physical condition or draw conclusions as to whether the defendant was driving under the influence of alcohol. Since the calls were not offered to prove that the defendant was driving under the influence of alcohol, the calls were not hearsay. Furthermore, since the calls were not hearsay, the confrontation issue is non-existent. We hold that there is substantial evidence to support the defendant's conviction.

Affirmed.

MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES HARRISON, WEBER, SHEEHY, HUNT and McDONOUGH concur.