No. 96-557

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

STATE OF MONTANA,

Plaintiff and Respondent,

v.

DAVID ROLLYN PALM LEE,

Defendant and Appellant.

APPEAL FROM:   District Court of the Seventeenth Judicial District,
In and for the County of Valley,
The Honorable John C. McKeon, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Francis J. McCarvel, Attorney at Law;
Glasgow, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General;
Christina Lechner Goe, Assistant Attorney General;
Helena, Montana

Ken Oster, Valley County Attorney; C. David Gorton, Deputy
County Attorney; Glasgow Montana

Submitted on Briefs: March 20, 1997

Decided:   May 6, 1997
Filed:

_____
Clerk

Justice Jim Regnier delivered the Opinion of the Court.

David Lee was cited with driving while under the influence of alcohol pursuant to 61-8-401, MCA, on April 30, 1995. After a hearing, the Valley County Justice Court

denied Lee's motion to suppress evidence of the arresting officer's field observations and subsequent breathalyzer test result and found Lee guilty. Lee appealed this determination to the District Court. Prior to trial at the District Court, Lee again moved to suppress this evidence. The Seventeenth Judicial District Court, Valley County, denied Lee's motion to suppress evidence due to lack of probable cause for the stop, concluding that the arresting officer, acting on information from a citizen informant coupled with his own observation and experience, could infer suspicion of criminal conduct giving rise to Lee's arrest. The District Court heard the case de novo pursuant to 25-33-301, MCA, and found Lee guilty. Lee appeals from the sentence and judgment of the District Court and from the order denying his motion to suppress evidence. We reverse.

The issue on appeal is whether Patrolman Collins had a particularized suspicion to justify an investigative stop of Lee's vehicle.

BACKGROUND

At 11:46 p.m. on April 29, 1995, Montana Highway Patrolman Arthur Collins received a report from law enforcement dispatchers that an anonymous citizen informant had called to notify the police that a purple Chevrolet Camero with a tan convertible top, driven by David Lee, was heading toward Glasgow on the Fort Peck highway. The complainant believed Mr. Lee was under the influence of alcohol, and speeding. Collins determined that Lee lived in Glasgow, and responded by heading south on the Fort Peck highway from Glasgow.

Less than one-half hour later after receiving the report, Collins observed Lee's vehicle heading northbound on the Fort Peck Highway toward Glasgow. The officer, using radar, determined the vehicle's speed to be 52 miles per hour. At that time, the nighttime speed limit was 55 miles per hour. The officer made a U-turn in the roadway and sped up behind the vehicle. As Collins came within two or three car lengths behind Lee's vehicle, Lee slowed to approximately 35 miles per hour. There were no other vehicles on the highway. At this time, Collins activated his overhead lights and pulled Lee off the road. After stopping the vehicle, Officer Collins was able to identify the driver as Lee, the man described in the dispatch report. Subsequently, Collins arrested Lee for driving while under the influence of alcohol.

DISCUSSION

Did Patrolman Collins have a particularized suspicion to justify an investigative stop of Lee's vehicle?

The standard of review for a district court's denial of a motion to suppress is whether the court's findings of fact are clearly erroneous and whether those findings were correctly applied as a matter of law. State v. Flack (1993), 260 Mont. 181, 185-88, 860 P.2d 89, 92-94.

Lee argues that the District Court erred in denying his motion to suppress and in finding him guilty of driving under the influence of alcohol. Lee claims that Officer Collins did not have a particularized suspicion to justify an investigatory stop pursuant to 46-5-401, MCA. Section 46-5-401, MCA, provides:

Investigative stop. In order to obtain or verify an account of the person's presence or conduct or to determine whether to arrest the person, a peace officer may stop any person or vehicle that is observed in circumstances that create a particularized suspicion that the person or occupant of the vehicle has committed, is committing, or is about to commit an offense.

The Fourth Amendment applies to seizures of the person, including brief investigatory stops such as the stop of a vehicle. Reid v. Georgia (1980), 448 U.S. 438, 440, 100 S. Ct. 2752, 2753, 65 L. Ed. 2d 890, 893. An investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in a crime. Brown v. Texas (1979), 443 U.S. 47, 51, 99 S. Ct. 2637, 2640, 61 L. Ed. 2d 357, 362. For sufficient cause to stop a person, the detaining police officers must have a particularized and objective basis for suspecting the particular person stopped of criminal activity. Brown, 443 U.S. at 51.

In United States v. Cortez (1981), 449 U.S. 411, 101 S. Ct. 690, 66 L. Ed. 2d 621, the United States Supreme Court set forth a two-part test to evaluate whether the police have sufficient cause to stop a person. First, the assessment must be based upon

all circumstances. Cortez, 449 U.S. at 418. Second, the assessment of the whole picture must raise a suspicion that the particular individual being stopped is engaged in wrongdoing. Cortez, 449 U.S. at 418.

This Court adopted the test laid out in Cortez in State v. Gopher (1981), 193 Mont. 189, 631 P.2d 293. In asserting that an officer had the particularized suspicion to make an investigatory stop, the State has the burden to show:

      (1) objective data from which an experienced officer can make certain inferences; and

      (2) a resulting suspicion that the occupant of a certain vehicle is or has been engaged in wrongdoing or was a witness to criminal activity.

Gopher, 193 Mont. at 194, 631 P.2d at 296.

Whether a particularized suspicion exists is a question of fact which depends on the totality of circumstances. State v. Reynolds (1995), 272 Mont. 46, 899 P.2d 540. In Reynolds, the arresting officer himself observed a pickup truck driven by the defendant, which the officer testified was "bordering on traveling too fast" for conditions. A short time later the officer met the vehicle again, and testified that the defendant waited at an intersection for seven to ten seconds before proceeding. The officer observed no other violations of law or driving anomalies. The driver was arrested and later convicted of driving under the influence of alcohol. This Court reversed the district court's finding of substantial credible evidence which supported particularized suspicion. We concluded that under the totality of circumstances, a possible traffic violation combined with no other objective data could not support a particularized suspicion that a driver had been engaged in wrongdoing.

This Court has recognized that an arresting officer may rely on information conveyed by a reliable third person, including an anonymous citizen informant, in forming the basis for a particularized suspicion to justify an investigative stop. See Boland v. State (1990), 242 Mont. 520, 792 P.2d 1; State v. Ellinger (1986), 223 Mont. 349, 725 P.2d 1201. For example, this Court has determined that a citizen report of a DUI, the reported vehicle observed half-way off the road, and the vehicle pulling away when an officer approached is sufficient to establish a particularized suspicion. State v. Sharp (1985), 217 Mont. 40, 702 P.2d 959. Likewise, two anonymous phone calls corroborated by officers and evidence of excessive speed were sufficient grounds for a justifiable stop. State v. Shaffer (1987), 227 Mont. 221, 738 P.2d 491. In both Sharp and Shaffer, the information provided by the citizen informant was corroborated by independent observation of wrongdoing or illegality by the officer in order to meet the particularized suspicion standard.

In the case before us, the anonymous caller stated that she "believed Lee was under the influence of alcohol and speeding." This statement, along with a description of the car and the direction it was heading, was all the information that was provided to the dispatcher. The dispatcher relayed this information to Officer Collins. The caller did not provide the dispatcher with any basis for her belief that Lee was driving under the influence of alcohol or speeding. At the time of the call, the informant did not state whether she had personally observed Lee drinking or that he was speeding or driving erratically. The informant merely believed that Lee was speeding and under the influence of alcohol.

Before Officer Collins stopped Lee, he did not have any contact with the informant to assess whether the information provided was reliable or had any basis in fact. Officer Collins saw a car matching the informant's description traveling north on the Fort Peck highway and turned around to follow it. Collins testified that the car was not speeding, weaving, or swerving. When the patrol car accelerated to get behind the vehicle driven by Lee, Lee slowed down to 35 miles per hour. Outside of this deceleration, Officer Collins observed no violations of the law or driving anomalies. Lee did not exhibit patterns consistent with a person driving while under the influence of alcohol; there was no evidence of erratic driving.

The State argues that information based on the personal observations of a citizen

informant and corroborated by Collins's identification of the suspect vehicle, combined with Lee's slowing down, gives rise to a particularized suspicion on Collins's part to make an investigative stop.  However, Lee's act of slowing down after observing Collins's police car making a U-turn and speeding up to come within two to three car lengths behind his vehicle, certainly is not illegal and provides no evidence of wrongdoing or illegality on Lee's part. The citizen informant stated that she believed that Lee was speeding and drunk.  No other information was provided by the informant as a basis for this belief.  When Officer Collins observed Lee driving, he was not speeding, nor did he exhibit any characteristics of driving while under the influence of alcohol.  In this instance, there was no objective data from which the officer could reach any conclusion justifying the investigative stop.  Therefore, we conclude that under the totality of the circumstances, as applied to the facts in this case, information provided by the citizen informant alone, with no other objective data, does not support a particularized suspicion that Lee had been engaged in wrongdoing.

Because Officer Collins did not have facts supporting a particularized suspicion that Lee had committed, was committing, or was about to commit an offense, we therefore hold that the investigative stop of Lee's vehicle was not justified pursuant to  46-5-401, MCA.  We reverse and remand with instructions to enter an order of dismissal consistent with this opinion.

/S/  JIM REGNIER


We Concur:

/S/  WILLIAM E. HUNT, SR.
/S/  W. WILLIAM LEAPHART
/S/  JAMES C. NELSON
/S/  TERRY N. TRIEWEILER