No. 96-629

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


STATE OF MONTANA,

       Plaintiff and Respondent,

  v.

BRYON ROBERTS,

       Defendant and Appellant.



APPEAL FROM:District Court of the Thirteenth Judicial District,
           In and for the County of Yellowstone,
           The Honorable G. Todd Baugh, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

           Mark A. English; Deputy Public Defender;
           Billings, Montana

       For Respondent:

           Hon. Joseph P. Mazurek, Attorney General;
           Cregg W. Coughlin, Assistant Attorney General;
           Helena, Montana

           Dennis Paxinos, Yellowstone County Attorney;
           Dale Mrkich, Deputy County Attorney;
           Billings, Montana



                    Submitted on Briefs: May 22, 1997

                      Decided:   July 17, 1997

Filed:

_____

Clerk Justice Terry N. Trieweiler delivered the opinion of the Court.

The appellant, Bryon Roberts, was charged by information, filed in the District Court for the Thirteenth Judicial District in Yellowstone County, with the offense of criminal possession of dangerous drugs, in violation of  45-9-102, MCA.  He filed a motion to suppress evidence, which the District Court denied.  He then pled guilty to the charge against him.  He appeals the District Court's order denying his motion to suppress.  We affirm the judgment of the District Court.

The sole issue on appeal is whether the District Court erred when it denied Bryon Roberts' motion to suppress.

### FACTUAL BACKGROUND

On July 2, 1995, Officers David Punt and Mike Zidack stopped a vehicle at the intersection of Third Avenue North and South 32nd Street in Billings.  During that traffic stop, the police officers arrested Bryon Roberts, a passenger in the vehicle.

On July 10, 1995, Roberts was charged by information with the offense of criminal possession of dangerous drugs.  The information states, in relevant part, as follows:

> Officer Punt spoke to the driver of the car.  Officer Zidack spoke to the passenger, later identified as defendant Bryon Roberts.  A routine records check revealed an active arrest warrant for [Roberts] out of Billings City Court. [Roberts] was arrested on the warrant, and he was transported to the Yellowstone County Detention Facility.
>
> During the booking procedure at the detention facility, detention officers recovered a gold metal container which contained approximately nineteen (19) paper bindles.

The State Crime Lab determined that those nineteen bindles contained Methamphetamine, a Schedule II drug, with a combined weight of 1.60 grams.

On June 3, 1996, Roberts filed a motion to suppress the contents of the gold metal container which was found on his person. The District Court, however, declined to hold an evidentiary hearing and denied that motion.

Roberts subsequently pled guilty to the charge against him.  Pursuant to an agreement with the State, however, he preserved his right to appeal the District Court's order which denied his motion to suppress.

### DISCUSSION

Did the District Court err when it denied Bryon Roberts' motion to suppress?

The standard for review of a district court's denial of a motion to suppress is whether the court's findings of fact are clearly erroneous, and whether those findings were correctly applied as a matter of law.  State v. Williams (1995), 273 Mont. 459, 462, 904 P.2d 1019, 1021; State v. Flack (1993), 260 Mont. 181, 188, 860 P.2d 89, 94.

Although the District Court declined to hold an evidentiary hearing, both Roberts and the State submitted briefs in support of their respective positions.  In its written order which denied the motion to suppress, the court determined that:

> The initial stop of the driver of the motor vehicle in which [Roberts]

was a passenger is not challenged and was a legal stop based on the officer's belief that an arrest warrant existed for the driver. Standard procedure was implemented for officer safety at that stop and [Roberts] was not allowed to exit the motor vehicle.

Subsequently, [Roberts] was arrested pursuant to a valid outstanding arrest warrant . . . . Once arrested, [Roberts] was searched. Again, this is standard procedure for officer safety and is reasonable and legal. Mont. Code Ann.    46-5-102.

On appeal, Roberts contends that the District Court erred when it denied his motion to suppress. Specifically, he contends that the police did not have a reasonable and articulable suspicion that he was engaged in any criminal activity and, therefore, that he was unlawfully detained, arrested, and searched. Moreover, he asserts that because the District Court did not conduct an evidentiary hearing, its "findings of fact are not supported by any evidence and [it] did not apply the correct law to the facts."

Pursuant to    46-13-302, MCA, a criminal defendant may move a district court to suppress any evidence which was obtained during an unlawful search and seizure. Furthermore, the statute provides, in relevant part, as follows: "If the motion [to suppress] states facts that, if true, would show that the evidence should be suppressed, the court shall hear the merits of the motion at the omnibus hearing or at a later date if the court orders." Section 46-13-302(2), MCA.

In this case, Roberts' motion to suppress contains the following recitation of facts:

On July 2, 1995 . . . [Officer] Punt stopped a vehicle driven by John Lucero in which [Roberts] was a passenger. Punt stopped the vehicle because he believed an arrest warrant existed for Lucero. Once Punt stopped the vehicle, Roberts started to exit the vehicle and Punt told Roberts to remain in the vehicle. [Officer] Zidack arrived on the scene. Zidack asked Roberts to identify himself. Roberts identified himself. Zidack ran a warrant check on Roberts and found a valid arrest warrant. Zidack arrested Roberts on the warrant. While patting Roberts down for weapons, Zidack found a small compact on Roberts. Zidack seized the compact and looked inside. Zidack found what appeared to be illegal drugs and drug paraphernalia. Eventually, the [State] charged Roberts with felony criminal possession of dangerous drugs.

As the District Court recognized, Roberts does not challenge the initial stop of Lucero's vehicle. Rather, he claims that, as a passenger, he was unlawfully detained when Officer Punt directed him to remain in the vehicle.

In United States v. Vaughan (9th Cir. 1983), 718 F.2d 332, the Ninth Circuit Court of Appeals held that it is not a violation of the Fourth Amendment to detain a passenger when a vehicle has been stopped because a warrant is outstanding for the driver. Although the federal agents in Vaughan had no reason to believe that the passenger had engaged in any criminal activity, they were permitted to detain him while

they conducted a search of his companions. Vaughan, 718 F.2d at 334.

In support of its holding, the Ninth Circuit relied on Michigan v. Summers (1981), 452 U.S. 692, 101 S. Ct. 2587, 69 L. Ed. 2d 340. In Summers, the U.S. Supreme Court concluded that a detention analogous to the one in Vaughan did not violate the Fourth Amendment. The Court based its conclusion on the following reasoning:

> Most obvious is the legitimate law enforcement interest in preventing flight in the event that incriminating evidence is found. Less obvious, but sometimes of greater importance, is the interest in minimizing the risk of harm to the officers . . . . Finally, the orderly completion of the search may be facilitated if the occupants of the premises are present.

Summers, 452 U.S. at 702-03.

While declining to address the precise issue presented by this appeal, the U.S. Supreme Court has recently held that an officer making a traffic stop may interfere with a passenger's freedom of movement by requiring the passenger to get out of a car pending completion of the stop. The Supreme Court held that the interference with the passenger's liberty, under those circumstances, was minimal, and the justification, in terms of assuring the investigating officer's safety, was significant. Maryland v. Wilson (1997), 117 S. Ct. 882, 137 L. Ed. 2d 41.

We find Vaughan persuasive, as applied to the facts in this case. Accordingly, we conclude that Roberts was not unlawfully detained when Officer Punt directed him to remain in the vehicle. Moreover, we conclude that Roberts' motion to suppress establishes the following relevant facts: (1) he voluntarily identified himself; (2) Officer Zidack conducted a warrants check and established probable cause to arrest him; and (3) he was searched pursuant to a lawful arrest.

We conclude, therefore, that based on Roberts' own version of the events, the detention, arrest, and search of his person were justified and lawful. In other words, even if the facts recited in the motion to suppress are true, that motion should be denied. The District Court, therefore, was not required to conduct an evidentiary hearing. See 46-13-302(2), MCA. Accordingly, we affirm the judgment of the District Court and hold that it did not err when it denied Bryon Roberts' motion to suppress.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ KARLA M. GRAY
/S/ JIM REGNIER
/S/ WILLIAM E. HUNT, SR.
/S/ W. WILLIAM LEAPHART