No. 98-201

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 273N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

SHANE A. MARTIN,

Defendant and Appellant.

APPEAL FROM: District Court of the Tenth Judicial District,

In and for the County of Fergus,

Honorable John R. Christensen, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

Craig R. Buehler, Attorney at Law, Lewistown, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; John Paulson,

Assistant Attorney General, Helena, Montana

Thomas P. Meissner, County Attorney, Lewistown, Montana

Submitted on Briefs: October 1, 1998

Decided: November 12, 1998

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

**¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶2. Shane A. Martin (Martin) appeals the ruling of the Tenth Judicial District Court, Fergus County, denying his motion to suppress the State's evidence against him on charges of driving under the influence of alcohol (DUI), minor in possession of alcohol, second offense, and failure to drive on the right side of the roadway. We affirm the ruling of the District Court.**

## ISSUE

**¶3. Did the District Court err in denying Martin's motion to suppress the State's evidence on the grounds that the arresting officer lacked a particularized suspicion justifying the stop?**

## BACKGROUND

**¶4. On the evening of June 14, 1997, Fergus County Deputy Sheriff Larry McCord**

was patrolling near Roy, Montana, during a local rodeo and dance. At approximately 9:30 p.m., Deputy McCord noticed a stalled pick-up truck in the middle of an intersection and walked over to investigate. Martin, who was the driver of the vehicle, was apparently engaged in a confrontation with another individual, but this encounter ceased at the deputy's approach and in response to the deputy's inquiry Martin indicated that they were not experiencing any problems. Martin then climbed into the truck while several others stepped out of the cab to help push-start the truck. The deputy did not smell or see any alcohol at that time and left the scene without further dialog.

¶5. A few hours later, Deputy McCord saw Martin's truck again, this time pulled off the side of a highway approximately three or four miles outside of Hilger, Montana. When Deputy McCord began pulling up behind the vehicle, Martin drove back onto the road and proceeded down the highway. Deputy McCord followed Martin's vehicle for approximately five miles, including its passage through and out of the town of Hilger.

¶6. While following the vehicle from a distance of approximately one thousand feet, Deputy McCord observed the vehicle crossing over the yellow line, going back over the white fog line and maneuvering a curve while partially over the center line again. Deputy McCord sped up to get into closer proximity to the vehicle to video record its movements. The deputy followed Martin's vehicle for approximately two miles with the video camera activated, during which time no traffic violations were exhibited. Deputy McCord then turned the camera off and dropped back to follow Martin at one thousand feet again.

¶7. When Deputy McCord again observed the vehicle crossing over the center line and back to the white fog line, he sped up to the vehicle a second time and once again turned on the video camera in his patrol car. Martin's vehicle swerved over the yellow line for a third time, at which point Deputy McCord activated his overhead lights and initiated an investigatory stop. After performing a series of field sobriety tests on Martin, Deputy McCord arrested him for DUI.

## STANDARD OF REVIEW

¶8. We review a trial court's grant of a motion to suppress evidence to determine whether the court's findings of fact are clearly erroneous and whether those findings

were correctly applied as a matter of law. *State v. Roberts* (1997), 284 Mont. 54, 56, 943 P.2d 1249, 1250. Factual findings are clearly erroneous if they are not supported by substantial evidence, the court has misapprehended the effect of the evidence, or our review of the record convinces us that a mistake has been committed. *Interstate Prod. Credit Ass'n v. DeSaye* (1991), 250 Mont. 320, 323, 820 P.2d 1285, 1287.

## DISCUSSION

¶9. The Fourth Amendment's prohibition against unreasonable searches and seizures applies to situations in which a law enforcement officer detains a motor vehicle to investigate a possible wrongdoing. *Reid v. Georgia* (1980), 448 U.S. 438, 440, 100 S.Ct. 2752, 2753, 65 L.Ed.2d 890, 893; *State v. Lee* (1997), 282 Mont. 391, 394, 938 P.2d 637, 639. However, such a stop is permissible if the officer suspects that the individual stopped has committed or is in the process of committing an offense, even though there is no probable cause to arrest at the time of the stop. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. In Montana, the guidelines for executing an investigative stop of a motor vehicle are codified at § 46-5-401, MCA, which reads:

**Investigative stop.** In order to obtain or verify an account of the person's presence or conduct or to determine whether to arrest the person, a peace officer may stop any person or vehicle that is observed in circumstances that create a particularized suspicion that the person or occupant of the vehicle has committed, is committing, or is about to commit an offense.

¶10. Whether a "particularized suspicion" existed at the time of the stop depends upon the totality of the circumstances giving rise to the stop. *State v. Reynolds* (1995), 272 Mont. 46, 49-50, 899 P.2d 540, 542. The totality of the circumstances includes the evidence as evaluated by the officer in light of the officer's knowledge and training. *State v. Gopher* (1981), 193 Mont. 189, 193, 631 P.2d 293, 295. A particularized suspicion does not require that the law enforcement officer be certain that an offense has been committed. *State v. Morsette* (1982), 201 Mont. 233, 240, 654 P.2d 503, 507.

¶11. Martin argues that Deputy McCord lacked the necessary particularized suspicion to initiate a stop of Martin's vehicle, because while the deputy thought he saw Martin crossing the center line on three occasions, he could not be absolutely sure of two of them from the distance at which he was trailing Martin's vehicle, and the deputy's testimony on this point is too inconsistent to be relied upon. This

argument is unpersuasive. Our review of the record convinces us that there was sufficient objective data available to Deputy McCord to form a particularized suspicion under § 46-5-401, MCA, that Martin was driving while under the influence of alcohol.

¶12. Deputy McCord made three separate observations of Martin's vehicle driving over the center line of the highway. While two of these observations were from a distance of approximately one thousand feet, the third observation was made from a much closer distance and was actually recorded on film by the deputy's video camera. Martin's argument regarding how much weight should have been afforded Deputy McCord's testimony regarding the first two instances of Martin's erratic driving goes to the credibility of Deputy McCord as a witness, an issue which is properly left to the determination of the trier of fact, and one which we will not disturb on appeal. *State v. Collard* (1997), 286 Mont. 185, 193, 951 P.2d 56, 61. Likewise, the fact that Deputy McCord failed to record either of the first two traffic violations on film in the same way that he recorded the third one is not grounds for disregarding the sworn testimony of Deputy McCord as to what he believes he saw.

¶13. Because there was sufficient objective data from which Deputy McCord could have formed the requisite particularized suspicion to stop Martin for the purpose of conducting a further investigation, the District Court did not err in denying Martin's motion to suppress the evidence gleaned from that stop on those grounds. Affirmed.

/S/ J. A. TURNAGE

We concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

No

/S/ TERRY N. TRIEWEILER