No. 97-617

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 31

STATE OF MONTANA,

Plaintiff and Respondent,

v.

WAYNE J. BROWN,

Defendant and Appellant.

APPEAL FROM: District Court of the Twentieth Judicial District,

In and for the County of Lake,

The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

William F. Hooks, Appellate Defender Office, Helena, Montana

For Respondent:

Joseph P. Mazurek, Attorney General, Tammy Plubell, Assistant Attorney General, Helena, Montana; Deborah Kim Christopher, Lake County Attorney, Polson, Montana

Submitted on Briefs: November 14, 1998

Decided: February 19, 1999

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

**¶1. Following a jury trial in the Twentieth Judicial District Court, Lake County, Wayne J. Brown (Brown) was found guilty of felony assault. The District Court sentenced Brown to a term of ten years in prison for the offense of felony assault, and imposed an additional term of ten years in prison for use of a weapon. Brown appeals the court's order of judgment and commitment on the basis of double jeopardy. We reverse and remand for resentencing.**

**¶2. The following issues are presented for review:**

**¶3. 1. Is Brown's double jeopardy challenge properly before this Court when it was not raised in the District Court?**

**¶4. 2. Does application of the weapon enhancement statute, § 46-18-221, MCA, to a conviction for felony assault, a violation of § 45-5-202(2)(b), MCA, violate the double jeopardy provision of Article II, Section 25 of the Montana Constitution?**

BACKGROUND

**¶5. On October 13, 1996, Flathead Tribal Police Officer Vernon Fisher (Officer Fisher) and three other officers executed an arrest warrant on Brown at the residence of Jim Fyant (Fyant) located in Arlee, Montana. When the officers arrived at Fyant's residence, they observed Brown climb over a fence and run through a field. Officer Fisher immediately pursued Brown on foot and repeatedly commanded Brown to stop. Brown was carrying a loaded handgun in the waistband of his trousers. During the chase, Brown twice turned around and pointed his gun at Officer Fisher. Both times, Officer Fisher responded by dropping to the ground and pointing his gun at Brown. Officer Fisher testified that he was afraid Brown was going to shoot him. After a short while, the officers managed to surround Brown. Brown stopped running, uncocked his gun, and tossed it aside. Brown was thereafter**

arrested.

¶6. Brown was charged by information with felony assault, a violation of § 45-5-202 (2)(b), MCA. A jury trial was held on July 17, 1997, and Brown was found guilty of the charged offense. On August 13, 1997, the District Court held a sentencing hearing. The court sentenced Brown to a term of ten years in prison for felony assault, and imposed an additional ten years in prison for use of a weapon pursuant to § 46-18-221, MCA (hereinafter the weapon enhancement statute). The court stated that the reasons for the sentence were Brown's prior criminal history and the nature of the offense, which the court described as "an assault involving the use of a weapon against a law enforcement official." At the time of sentencing, Brown did not object to the court's application of the weapon enhancement statute to his conviction for felony assault. The court issued its final order of judgment and commitment on August 27, 1997. Brown filed a notice of appeal on October 21, 1997.

## DISCUSSION

### *Issue One*

¶7. Is Brown's double jeopardy challenge properly before this Court when it was not raised in the District Court?

¶8. The State of Montana (State) contends that Brown's double jeopardy challenge is not reviewable. The State cites State v. Lafley, 1998 MT 21, ¶ 26, 55 St.Rep. 76, ¶ 26, 954 P.2d 1112, ¶ 26, for the rule that "[i]n a direct appeal, the defendant is limited to those issues that were properly preserved in the district court and to allegations that the sentence is illegal or exceeds statutory mandates." *See also* Sections 46-20-104(2) and -701(2), MCA *and* State v. Lenihan (1979), 184 Mont. 338, 343, 602 P.2d 997, 1000 (holding that if a criminal defendant alleges that his sentence is illegal or exceeds statutory mandates, this Court will review the sentence even if the defendant failed to make a timely objection in the district court). A sentence is not illegal if it is within the parameters provided by statute. Lafley, ¶ 26 (citations omitted). The State points out that Brown failed to object to the sentence imposed on him at sentencing. The State further points out that Brown's sentence is legal because it is within the statutory parameters. *See* Section 45-5-202(3)(a), MCA (authorizing imprisonment for a term not to exceed 10 years for the offense of felony assault) *and* Section 46-18-

**221, MCA (requiring imposition of an additional term of imprisonment of 2 to 10 years for use of a weapon). Based on these facts, the State argues that Brown's double jeopardy challenge fails to meet the test of reviewability outlined in <u>Lafley</u>.**

**¶9. Brown concedes that his double jeopardy challenge fails to meet the <u>Lafley</u> standard. However, Brown urges this Court to invoke its discretionary power of common law plain error review.** We first articulated the doctrine of common law plain error review in State v. Finley (1996), 276 Mont. 126, 915 P.2d 208. We held:

[T]his Court may discretionarily review claimed errors that implicate a criminal defendant's fundamental constitutional rights, even if no contemporaneous objection is made and notwithstanding the inapplicability of the § 46-20-701(2), MCA, criteria, where failing to review the claimed error at issue may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process.

<u>Finley</u>, 276 Mont. at 137, 915 P.2d at 215. Brown argues that the issue presented in this case meets the <u>Finley</u> standard for common law plain error review. Brown claims that application of the weapon enhancement statute to his felony assault conviction denied him the fundamental right to be free from double jeopardy guaranteed by Article II, Section 25 of the Montana Constitution. Brown further claims that failure to review his double jeopardy challenge would result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the trial or proceedings, and compromise the integrity of the judicial process.

**¶10. To support his claims, Brown first cites Wadsworth v. State (1996), 275 Mont. 287, 299, 911 P.2d 1165, 1172, for the proposition that a right may be "fundamental" under the Montana Constitution if the right is** either found in the Declaration of Rights listed in Article II, or is a right "without which other constitutionally guaranteed rights would have little meaning." Brown notes that the protection against double jeopardy is explicit in the Declaration of Rights and, therefore, is a fundamental right.

**¶11.** Next, Brown argues that his fundamental right to be from double jeopardy was violated because he received double punishment for use of a weapon: once when he was sentenced for felony assault, a material element of which requires use of a weapon, and again when his sentence was enhanced for use of a weapon by application of the weapon enhancement statute. Brown acknowledges that application of the weapon enhancement statute to a felony assault conviction does not violate double jeopardy under the federal constitution. *See* State v. Zabawa (1996), 279 Mont. 307, 316, 928 P.2d 151, 156-57. However, Brown contends that the Montana Constitution affords greater protection against double jeopardy than the federal constitution. The following arguments summarize Brown's support for this contention: (1) the plain language of Montana's double jeopardy clause expresses broader protection than its federal counterpart; (2) the legislative history of Montana's double jeopardy clause demonstrates that the clause was enacted with the express purpose of providing greater protection than the federal provision, *see* Comments, Bill of Rights Committee Proposal, II Transcript, p. 641; and (3) the Montana Legislature has

indicated its intent to afford Montana citizens greater protection from double jeopardy in the context of multiple prosecutions. *See* State v. Tadewalt (1996), 277 Mont. 261, 922 P.2d 463 (interpreting § 46-11-504 (1), MCA, the statute which addresses when prosecution based on the same transaction as a former prosecution is barred by that former prosecution, to provide broader protection against double jeopardy than is provided under the federal Blockburger test).

¶12. In determining the applicability of the common law plain error doctrine, we consider the totality of circumstances of each case. Finley, 276 Mont. at 134, 915 P.2d at 213. We also note that common law plain error review is reserved for "exceptional cases" and is to be used sparingly. State v. Sullivan (1996), 280 Mont. 25, 31, 927 P.2d 1033, 1036. *See also* State v. Arlington (1994), 265 Mont. 127, 152, 875 P.2d 307, 322. We determine that the instant case most certainly is the type of exceptional case envisioned to invoke the doctrine of common law plain error review. Whether multiple punishments have been imposed in violation of a defendant's fundamental right to be free from double jeopardy brings into question the fundamental fairness of the proceedings and the integrity of the judicial process. In our recent decision in State v. Guillaume, 1999 MT 29, decided February 19, 1999, we held that the double jeopardy clause of the Montana Constitution affords greater protection against multiple punishments for the same offense than does the double jeopardy clause of the United States Constitution. Guillaume, ¶ 16. We further held that application of the weapon enhancement statute to a conviction where the underlying offense requires proof of use of a weapon as an element of the offense violates the double jeopardy clause of the Montana Constitution. Guillaume, ¶ 16. In light of this precedent, failure to review Brown's double jeopardy challenge would result in a manifest miscarriage of justice because Brown would be subjected to a ten-year prison term in contravention of the law. For the reasons stated above, we review Brown's double jeopardy challenge even though it was not properly raised in the District Court.

## Issue Two

¶13. Does application of the weapon enhancement statute, § 46-18-221, MCA, to a conviction for felony assault, a violation of § 45-5-202(2)(b), MCA, violate the double jeopardy provision of Article II, Section 25 of the Montana Constitution?

¶14. As previously stated, this issue is identical to that raised in Guillaume. Therefore, the discussion and analysis in Guillaume directly applies to the instant case. In accordance with Guillaume, we hold that application of the weapon enhancement statute to Brown's felony assault conviction violated the double jeopardy provision of Article II, Section 25 of the Montana Constitution.

**¶15. We reverse the District Court's order of judgment and commitment and remand for rehearing and resentencing consistent with this opinion.**

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ W. WILLIAM LEAPHART

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

Justice James C. Nelson concurs and dissents.

¶16 I concur with the Court's discussion and decision as to Issue one, plain error. I dissent from the Court's discussion and decision as to Issue two, double jeopardy, for the same reasons as set forth in my dissent in *State v. Guillaume*, 1999 MT 29, ___ Mont. ___, ___ P.2d ___.

/S/ JAMES C. NELSON

Chief Justice J. A. Turnage concurs in the foregoing special concurrence and dissent.

/S/ J. A. TURNAGE

Justice Karla M. Gray, dissenting.

¶17 I dissent from the Court's discussion and decision as to Issue one, plain error, for the reasons set forth at some length in my special concurring opinion in *Finley*. It continues to be my view that, absent a successful constitutional challenge to § 46-20-701(2), MCA--a statute duly enacted by the Montana Legislature--this Court is obligated to apply the statute rather than simply ignoring it.

¶18 With regard to the Court's discussion and decision as to Issue two, double jeopardy, I dissent for the reasons set forth in Justice Nelson's dissent in *Guillame*, which I joined.

¶19 I would affirm the District Court.

/S/ KARLA M. GRAY