JUSTICE REGNIER
dissenting.
¶32 I respectfully dissent from the majority’s opinion reversing the District Court’s suppression of the State’s evidence.
¶33 The District Court carefully analyzed the facts of this case under our recent pronouncements in State v. Lee (1997), 282 Mont. 391, 938 P.2d 637, and State v. Pratt (1997), 286 Mont. 156, 951 P.2d 37. I agree with the majority that the first two parts of the Pratt test have been satisfied, that is, first, the citizen informant identified herself to the authorities, and, second, the informant’s report was based upon an informant’s personal observations. I do not believe, however, that the third part of the Pratt test, namely corroboration by the officer, was met.
¶34 The District Court found that the citizen informant did not identify the driver or passenger by name or description. Officer Oster did observe the truck in question parked in Hamilton shortly after the informant’s call, but it was 38 minutes later that Oster observed the truck being driven back toward 107 Daly. Without a description of the driver, Oster had no idea if the individual driving the truck was the same individual that the informant observed leave 107 Daly over one-half hour before. By the time Oster observed the truck, the informant’s information was nearly 40 minutes old, and when Oster parked his patrol car behind the defendant’s truck, he had only scant information from the 911 call, observed no traffic violations, and had no other basis to justify the stop.
¶35 In Pratt, corroboration was found where the officer “observed the described vehicle within a short period of time, traveling in the direction and on the same street indicated by Lafournaise.” Pratt, 286 Mont. at 166, 951 P.2d at 43. The investigative stop in Pratt occurred “mere moments” after the officer was advised by dispatch. See Pratt, 286 Mont. at 167, 951 P.2d at 44. Under this scenario, the officer could be almost certain that the person driving was the same one reported mere moments before. Here, the informant was only able to surmise where the truck was headed. By the time Oster saw the vehicle in motion, he had no idea who was driving. The officer conducting the stop must have a particularized suspicion and objective basis for suspecting the particular person stopped of criminal activity. See Lee, 282 Mont. at 394, 938 P.2d at 639. Furthermore, where a citizen tip is less reliable, as with the tip here, more corroboration is required by the ar *489 resting officer to establish particularized suspicion. See Pratt, 286 Mont. at 168, 951 P.2d at 44.
¶36 I would affirm the District Court’s suppression of this evidence. In my view, the District Court properly concluded that, based on the totality of the circumstances, there was not a particularized suspicion to support this investigative stop.
JUSTICES HUNT and TRIEWEILER join in the foregoing dissent.