JUSTICE GRAY,
concurring in part and dissenting in part.
¶15 I specially concur in the Court’s holding that Guillaume requires that the enhancement portion of Aguilar’s sentence be stricken. It continues to be my view that Guillaume was wrongly decided. However, Guillaume is now the law of this state and, like everyone else, I am bound by it.
¶16 I respectfully dissent from that portion of the Court’s opinion which permits the District Court to revise Aguilar’s sentence only to the extent of deleting the sentence enhancement. The Court provides no rationale for rejecting the State’s request for a remand for reconsideration of Aguilar’s entire sentence, relying solely on Roullier. It is true that in Roullier, a case in which I did not participate, the Court remanded for the limited purpose of revising the sentence to strike the sentence enhancement. Nothing in that decision, however, suggests that the State had requested a remand for reconsideration of the entire sentence or provides a rationale for the limited remand.
¶17 Moreover, in both Guillaume and State v. Brown, 1999 MT 31, ¶ 15, 293 Mont. 268, ¶ 15, 975 P.2d 321, ¶ 15, decided less than two weeks before Roullier, the Court held that the sentence enhancement violated double jeopardy and remanded for “rehearing” and resentencing. Since no “rehearing” would be necessary to simply strike the offending sentence enhancement from the judgment, it is my view that those cases were remanded for a new sentencing hear *138 ing and new sentencing. This seems entirely appropriate, given the amount of discretion vested in district courts in criminal sentencing. When we strike part of a criminal sentence a district court believed appropriate, the district court should be given the opportunity to resentence the defendant.
¶ 18 In neither Roullier nor the present case has the Court taken notice of the more expansive remands in Guillaume and Brown. Thus, in four cases over less than six months, we have twice remanded for rehearing and resentencing and twice remanded on a much more limited basis. I would follow the Guillaume and Brown approach and remand for rehearing and resentencing, particularly in the absence of any rationale for doing otherwise.