CARROLL J. DeCOTEAU, Associate Justice.
On August 10, 1998, David Vondall was cited for driving under the influence and driving without a valid driver’s license pursuant to Title IX, §§ 101, and 107, respectively, of the CCOJ. A bench trial was scheduled for October 8, 1998 at 3:00 p.m. At trial time, the Tribal Court, Chief Judge A.T. Stafne, presiding, acted on three (3) motions filed by the Public Defender. First, was a motion for a jury trial, which was denied. Second, was a motion for continuance, which was granted. Accordingly, a new trial date was set for October 28, 1998 at 9:00 a.m. Third, was a motion to dismiss, due to lack of probable cause for the traffic stop. The public defender cited, State of Montana, v. Russell Lee Williamson, Doc. No. 97-135, (1998) in support of his motion to dismiss. The Chief Judge, citing familiarity with Williamson, granted the motion to dismiss. The ti'ibal prosecutor appeals from that portion of the Order granting the Motion to Dismiss. We affirm the Tribal Court decision.
The issue on appeal is whether the police officer had sufficient information (probable cause) to justify an investigative stop of defendant.

FACTUAL BACKGROUND

At 8:26 a.m. on August 10, 1998 a Roosevelt County Sheriffs officer received *141 a report from law enforcement dispatch, regarding a blue Toyota pickup with intoxicated occupants that had just left McDonald’s restaurant heading East on U.S. Highway 2. The complaint was called in by an employee of the McDonald’s restaurant in Wolf Point, Mt. The caller identified herself and offered an identity of the occupants of the pickup as “the Smoker boys”. She then left a phone number where she could be reached. The officer receiving the call from dispatch, noticed a truck matching the description given to him. He observed the vehicle for a very short time before it pulled into the Git-N-Go convenience store in Wolf Point. The officer observed the driver exit the vehicle. He then pulled into the parking lot to investigate. The driver was identified as David Vondall, the defendant. The officer also observed two other people in the vehicle, one holding a bottle of alcohol. The officer asked Vondall for his driver’s license. When Vondall answered, stating that he did not have a driver’s license, the officer detected the odor of alcohol on Vondall’s breath. The officer then administered three field sobriety tests on Vondall, all three of which he failed. At that point the officer arrested Vondall and advised him of his rights. Later, at the jail facility, a breath analysis sample was taken reflecting Vondall’s B.A.C. at 0.178.

ISSUE PRESENTED

Did the police officer have sufficient information (probable cause) to warrant an investigatory stop?
The Tribal Prosecutor argues that the Tribal Court erred when it granted Von-dall’s motion to dismiss, alleging that the officer did have sufficient probable cause to stop Vondall, based on the information supplied by the caller. Further, that the caller was not “unidentified” as the Chief Judge stated and that the officer does not need to personally observe the offense to make an investigatory stop. The officer through his investigation determines whether a stop is justified, pursuant to C.C.O.J. Title II Criminal Procedure, § 201 Arrests: sub. (c);
Probable cause—for the purpose of this chapter, probable cause is identified as: such facts and circumstances which would lead a reasonable person to believe an offense has been committed.

DISCUSSION

The Indian Civil Rights Act of 1968, 25 U.S.C.A. § 1802(2) states:
No Indian tribe in exercising powers of self government shall:
Violate the right of the people to be secure in their persons, houses, papers, and effects against unreasonable search and seizures, nor issue warrants, but upon probable cause, supported by oath or affirmation, and particularly describing the place to searched and the person or thing to be seized.
The Fourth Amendment applies to seizures of the person, including brief investigatory stops such as the stop of a vehicle. Reid v. Texas, 443 U.S. 438, 440 (1980). An investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in a crime. Brown v. Texas, 443 U.S. 47, 51, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979). For sufficient cause to stop a person, the detaining officers must have a particularized and objective basis for suspecting that the particular person stopped has been, or is about to become, involved in criminal activity. Brown, 443 U.S. at 51, 99 S.Ct. 2637.
In United States v. Cortez, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981). The United States Supreme Court set forth a *142 two-part test to evaluate whether' the police have sufficient cause to stop a person.
First, the assessment must be based upon all the circumstances. The analysis proceeds with various objective observations, information from police reports, if such are available, and consideration of modes or patterns of operation of certain kinds of lawbreakers. From this data, a trained officer draws inferences and makes deductions and inferences which might well elude an untrained person. Cortez, at 418, 101 S.Ct. 690.
Second, the assessment of the whole picture must raise a suspicion that the particular individual being stopped is engaged in wrongdoing. Cortez, id.
An investigatory stop must be justified, by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity. State v. Lee, 282 Mont. 391, 394, 938 P.2d 637 (1997). When a stop is challenged, the prosecution must show that there was objective data from which an experienced officer could make certain inferences resulting in a suspicion that the person is or has been engaged in wrongdoing. Lee, id. A particularized suspicion determination must be based on the totality of the circumstances in a given case. Lee, id.
In Williamson, supra, the information within Officer Weber’s knowledge at the time he stopped Williamson consisted of the citizen informant’s relayed report of a “possible” drunk driver in an early 1960’s model blue Ford pickup truck and the officer’s observation of a truck matching that description. The citizen informant’s report is not sufficient to establish probable cause unless there is information indicating the underlying circumstances and the basis of the citizen’s knowledge that an offense has been, or is being, committed. The WiUiamsoH court, in reviewing the citizen informant’s report, as it was relayed to the officer, concluded that the citizen informant’s report did not contain sufficient information, in and of itself, to establish probable cause that an offense was being committed.
Similarly with Vondall, the citizen informant’s report of an intoxicated driver is lacking such detail. Upon what information did the citizen base her report? Are the conclusions (i.e. “intoxicated” occupants) based upon an eye witness account or is the citizen reporting the observations of another person? What exactly did the citizen witness obsei-ve causing her to believe that the occupants were intoxicated?
It is incumbent upon law enforcement to probe into the basis of the report, to extract more information from the informant. After probing, the citizen’s report may very well contain sufficient information and detail to be self-authenticating.
In the instant case, the officer did not observe any erratic driving or other indications that the driver may be under the influence of alcohol. The only information the officer had was the informant’s report and the description of the vehicle. The information at best, created a mere suspicion that an offense was being committed, however, the officer’s observation provided no further information to justify an investigatory stop of Vondall. A mere suspicion is not enough to establish probable cause that an offense is being committed.
We conclude that, based upon the facts and circumstances within the officer’s knowledge at the time, he did not have sufficient information which constituted a particularized suspicion warranting the investigatory stop of Vondall. The Tribal Court acted correctly in dismissing this case due to a lack of probable cause.
Affirmed.
*143 CONCUR: GARY P. SULLIVAN, Chief Justice, GARY M. BEAUDRY, Associate Justice.