JUSTICE REGNIER
dissenting.
¶43 I agree with Justices Nelson and Cotter that the Court erred in reaching the resolution of issue one; similarly, I would reverse and remand for a new trial because of this error and not address issues two and three. As the author of Earl, however, I feel compelled to write *509 separately.
¶44 At the outset, I agree with Justice Nelson that the Court provided the jury with a patently incorrect statement of law in Instruction No. 11. The offense of assault on a peace officer requires that the perpetrator act purposely or knowingly. Section 45-5-210(a), MCA. By charging the jury as it did, the District Court provided the jury with inconsistent instructions. Given this inconsistency, we are unable to sort out in our review of this case whether the State in fact met its burden of proof. The jury may very well have determined that Rinkenbach acted voluntarily but not purposely or knowingly.
¶45 Now getting down to Earl. The Court seems to rely on Earl as a bright line for the notion that we do not automatically invoke plain error review in those cases where the jury has been incorrectly instructed on the required mental state for a given offense. On the other hand, Justice Nelson (who did not sit on Earl) is critical of Earl because it fails to refer to Sigler although “there is nothing procedurally or factually that distinguishes Earl from Sigler”
¶46 In Earl, a sexual assault case, the defendant contended on appeal that the District Court improperly instructed the jury. He sought relief on appeal even though his attorney failed to object to the instructions given or offer any instructions of his own. Specifically, the defendant contended that the District Court failed to instruct the jury on the elements of sexual assault, failed to instruct the jury on a fact that would increase the prescribed statutory penalty and failed to properly instruct on the definitions of “sexual contact,” “without consent,” and “knowingly.”
¶47 Justice Nelson argues that we inconsistently stated in Earl that we reviewed the record but did not invoke plain error review. It seems to me that a defendant’s constitutional right to a fair trial under the Sixth Amendment of the United States Constitution and Article II, Section 24 of the Montana Constitution is always brought into question when the jury is improperly instructed. The threshold question as stated in Finley is whether “failing to review the claimed error at issue may result in a manifest miscarriage of justice, may leave unsettled the question of fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process.” Finley, 276 Mont. at 137, 915 P.2d at 215. It escapes me how we can go through this process without reviewing the record. When we invoke plain error, we reverse the case.
¶48 When we reviewed the record in Earl in its entirety, we concluded that the District Court in fact adequately instructed the jury *510 on the elements of sexual assault, although it did not give the model jury instruction 5-502(a). We further concluded that the District Court adequately instructed the jury on the definitions of “sexual contact,” “without consent,” and “knowingly.” The instructions may not have been what Earl preferred when reflecting on the case and preparing his appellate brief, but a fair reading of the District Court’s instructions did not lead the jury down the wrong path in its analysis. Unfortunately, we did not detail this analysis in our opinion, but simply stated that upon our review of the record we saw no reason for invoking plain error review. Earl, ¶ 26.
¶49 In contrast to Earl, this is not a case where the jury was adequately instructed, but a case where the jury was in fact improperly instructed on the requisite mental element of the offense. In my view this is precisely the type of case that begs for plain error review for the reasons stated above and controlled by our decision in Sigler.
¶50 All this said, it is still my view that plain error should be used sparingly and on a case-by-case basis. When this Court determines the applicability of the common law plain error doctrine, it considers the totality of the circumstances in each case. State v. Brown, 1999 MT 31, ¶ 12, 293 Mont. 268, ¶ 12, 975 P.2d 321, ¶ 12.1 am not in favor of any bright line when considering plain error review.