No. 04-112

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 86N

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

CURTIS ALAN COKER,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and for the County of Custer, Cause No. DC 2002-63,
The Honorable Gary L. Day, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          J. Gregory Tomicich, Briese & Tomicich, Billings, Montana

      For Respondent:

          Hon. Mike McGrath, Attorney General; Pamela P. Collins,
Assistant Attorney General, Helena, Montana

          Garry Bunke, Custer County Attorney, Miles City, Montana

Submitted on Briefs:  September 21, 2004

Decided:  April 5, 2005

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2      Curtis Alan Coker (Coker) appeals from a decision of the Sixteenth Judicial District Court, Custer County, permitting a witness to testify against him by telephone during his trial. We affirm.

¶3      We address the following issue on appeal:

¶4      Did the District Court err when it permitted a witness to testify against Coker by telephone?

¶5      On December 4, 2001, Coker was arrested in Miles City, Montana, for driving under the influence of alcohol (DUI). Coker pleaded not guilty and trial was set for August 6, 2003. On July 21, 2003, the State moved to allow the telephonic testimony of Sandra Lee Carnline (Carnline) because it was a financial hardship for her to drive from Billings to Miles City for the trial. The motion stated that Coker had no objection. The District Court granted the motion on July 22, 2003.

¶6      The case proceeded to trial. The State called Carnline as its first witness. Before her telephonic testimony began, the District Court asked Coker's attorney if he had any objection to her testifying by telephone. With Coker seated next to him, counsel stated he had no objection.

2

¶7 Among other things, Carnline testified that she previously had a romantic relationship with Coker, that he had lived with her in her home in Miles City for approximately two years, and that she had moved to Billings in September 2001. She also stated that she still owned the home in Miles City and that she did not give Coker permission to reside there. Towards the end of her testimony, the State asked Carnline why she asked Coker to leave her home, to which she responded "because of his DUIs and stuff." Coker's attorney objected and the District Court sustained the objection and instructed the jury to disregard the statement regarding Coker's DUIs.

¶8 The jury found Coker guilty of driving under the influence. Coker now claims his constitutional right to confrontation was violated and appeals from the District Court's decision to allow Carnline to testify by telephone.

¶9 This Court reviews a district court's evidentiary ruling for an abuse of discretion. *State v. Gustafson*, 2000 MT 364, ¶ 14, 303 Mont. 386, ¶ 14, 15 P.3d 944, ¶ 14. If the plain error doctrine is invoked, this Court evaluates the nature of the constitutional rights implicated, and not the sufficiency of the evidence. *State v. Finley* (1996), 276 Mont. 126, 136, 915 P.2d 208, 215, *overruled on other grounds*, *State v. Gallagher*, 2001 MT 39, 304 Mont. 215, 19 P.3d 817.

¶10 Despite the failure of his attorney to object to the telephonic testimony of Carnline, Coker argues he never knowingly or voluntarily waived his constitutional right to confront Carnline face to face and urges this Court to review this case under the "plain error" doctrine. He also asserts that because the error was structural, his conviction must be overturned.

3

¶11    The State argues Coker waived his right to claim his constitutional right to confrontation was violated because he acquiesced to Carnline's testimony by telephone. The State disputes that any structural error occurred or that the "plain error" review doctrine applies. The State also asserts Carnline's testimony was not essential to Coker's conviction and points out Carnline was subject to cross-examination by Coker's trial counsel.

¶12    Sections 46-20-104(2), MCA, and 46-20-701(2), MCA, limit the scope of appeal to errors which have been objected to in the trial court. This Court has held as such, stating that a defendant is limited on appeal to only those issues which have been preserved by timely objection at the trial held in district court. *State v. Baker*, 2000 MT 307, ¶ 12, 302 Mont. 408, ¶ 12, 15 P.3d 379, ¶ 12.

¶13    In this case, Coker was present when the District Court, prior to Carnline's testimony, stated that it understood there was no objection to the telephonic testimony. Counsel reiterated to the District Court that he had no objection to Carnline's testimony by telephone. It has long been the rule of this Court that, on appeal, we will not hold a district court in error for a ruling or procedure in which the defendant acquiesced, participated, or to which the appellant made no objection. *State v. Gardner*, 2003 MT 338, ¶ 44, 318 Mont. 436, ¶ 44, 80 P.3d 1262, ¶ 44 (citation omitted).

¶14    Coker urges this Court to review the claimed error in allowing Carnline to testify by telephone under the plain error doctrine. Under this doctrine, this Court may discretionarily review claimed errors that implicate a criminal defendant's fundamental constitutional rights, even if no contemporaneous objection is made and notwithstanding the inapplicability of the § 46-20-701(2), MCA, criteria, where failing to review the claimed error at issue may result

4

in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process. *Baker*, ¶ 12 (citing *Finley*, 276 Mont. at 137, 915 P.2d at 215).

¶15 When we determine the applicability of the common law plain error doctrine, we consider the totality of the circumstances in each case. *Baker*, ¶ 13 (citing *State v. Brown*, 1999 MT 31, ¶ 12, 293 Mont. 268, ¶ 12, 975 P.2d 321, ¶ 12). This rule is reserved for "exceptional cases" and should be used sparingly. *Baker*, ¶ 13 (citing *State v. Sullivan* (1996), 280 Mont. 25, 31, 927 P.2d 1033, 1036).

¶16 We conclude that Carnline's testimony by telephone did not result in a manifest miscarriage of justice, affect the fundamental fairness of the trial, or compromise the integrity of the judicial process. A defendant's constitutional right of confrontation is not implicated when the challenged testimony does not form any basis for the conviction. *State v. Shaffer* (1987), 227 Mont. 221, 224, 738 P.2d 491, 493. The only statement by Carnline which could arguably have prejudiced Coker was her statement regarding Coker's previous DUIs. Even this response was properly objected to, the objection was sustained and the District Court gave a limiting instruction to the jury. Under these circumstances, the fact Carnline testified by telephone is not enough to qualify as "plain error." In this case, the record makes it clear that it was the testimony of four police officers which formed the basis for Coker's conviction.

¶17 Carnline's testimony by telephone is not structural error. Trial error, which is subject to harmless error review, is different from structural error, which is subject to automatic reversal. *State v. Bearchild*, 2004 MT 355, ¶ 24, 324 Mont. 435, ¶ 24, 103 P.3d 1006, ¶ 24.

5

Structural error indelibly affects the essential fairness of the trial itself, while trial error is that type of error which typically occurs during the presentation of a case to a jury and can be assessed by a reviewing court for prejudicial impact relative to the other evidence introduced at trial. *State v. LaMere*, 2000 MT 45, ¶ 26, 298 Mont. 358, ¶ 26, 2 P.3d 204, ¶ 26; *State v. VanKirk*, 2001 MT 184, ¶ 40, 306 Mont. 215, ¶ 40, 32 P.3d 735, ¶ 40. The telephonic testimony of Carnline occurred during the trial. It can be assessed for its impact. Thus, even were it to be considered error, which it is not, it would not be structural error.

¶18 The District Court did not abuse its discretion when it permitted Carnline to testify by telephone. Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ JIM RICE

6