FILED

05/16/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0373

DA 16-0373

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 118

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

JOHN C. FOSTER,

        Defendant and Appellant.

APPEAL FROM:     District Court of the Fifth Judicial District,
In and For the County of Beaverhead, Cause No. DC-2015-3660
Honorable Brad Newman, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Hillary P. Carls, Angel, Coil, & Bartlett, Bozeman, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Madison L. Mattioli,
Assistant Attorney General, Helena, Montana

            Michael J. Gee, Beaverhead County Attorney, Dillon, Montana

Submitted on Briefs: April 5, 2017

Decided: May 16, 2017

Filed:

                                  Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      John C. Foster (Foster) appeals from the April 1, 2016 District Court denial of his motion to suppress all evidence and motion to dismiss.  We affirm.

¶2      We restate the issue on appeal as follows:

*Was the District Court's finding that particularized suspicion existed to support an investigatory stop clearly erroneous?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3      On April 10, 2015, at approximately 4:57 p.m., Jonathan Rees (Rees) called 911, stating that he was following a driver who appeared to be intoxicated.  Rees advised the dispatch that he was driving southbound on Highway 41 near mile marker 14, between Twin Bridges and Dillon, Montana, and that the driver of a dark blue Dodge Ram pickup with a large concrete cylinder in the bed was potentially drunk, as he was "driving all over the road."  Rees identified himself by first and last name, spelled his last name, and agreed to go to the Beaverhead County Courthouse to sign his report.

¶4      Montana Highway Patrol Trooper Mitch Voss (Trooper Voss) heard radio traffic regarding the potential drunk driver.  Trooper Voss was on a residential road, which intersected Highway 41.  Trooper Voss testified that he saw a vehicle matching Rees' description at mile marker 9 on Highway 41.  Trooper Voss followed the dark blue Dodge Ram with a concrete cylinder in the bed, observed the vehicle crossing the white line and then coming back into the lane of travel, travel at a relatively low speed, and weave within the lane.  Trooper Voss pulled the vehicle over at 5:15 p.m. near mile marker 2 on Highway

2

41. Trooper Voss identified Foster as the driver and after an investigation arrested Foster for driving under the influence of alcohol (DUI).

¶5    The State charged Foster with the offense of DUI. Foster pled not guilty. In August 2015 Foster filed a motion to suppress evidence and dismiss the charges based on Trooper Voss' lack of particularized suspicion for the stop. After a September 21, 2015 hearing, the Justice Court denied Foster's motion to suppress and dismiss on October 3, 2015. On October 29, 2015, following a bench trial, the Justice Court convicted Foster of DUI. Foster filed an appeal to the District Court. He moved to suppress all evidence and to dismiss the charge. After a full briefing by both parties, the District Court conducted a hearing on April 1, 2016. On May 13, 2016, the District Court denied Foster's motions. Foster and the State entered a plea agreement and on June 17, 2016, Foster changed his plea to guilty reserving his right to appeal the denial of his motions.

## STANDARD OF REVIEW

¶6    We review a district court's denial of a motion to suppress to determine whether the court's findings are clearly erroneous and whether those findings were applied correctly as a matter of law. *State v. Gill*, 2012 MT 36, ¶ 10, 364 Mont. 182, 272 P.3d 60.

## DISCUSSION

¶7    *Was the District Court's finding that particularized suspicion existed to support an investigatory stop clearly erroneous?*

¶8    Foster argues the District Court erroneously denied his motion to suppress the evidence of the stop. Foster argues Trooper Voss lacked the objective data or articulable facts necessary to create particularized suspicion for the investigatory stop. Foster asserts

3

Rees' report was unreliable because Rees failed to provide sufficient personally identifying information, and Trooper Voss did not corroborate the vehicle's description. The State argues the District Court's determination that Trooper Voss had particularized suspicion to stop Foster is supported by substantial evidence in the record and is not clearly erroneous. The State maintains that Rees' report contained sufficient indicia of reliability to support the stop.

¶9 Both the United States Constitution and the Montana Constitution protect individuals from unreasonable searches and seizures. U.S. Const. amend. IV; Mont. Const. art. II, § 11. Under Montana law, a law enforcement officer "may stop any person or vehicle that is observed in circumstances that create a particularized suspicion that the person or occupant of the vehicle has committed, is committing, or is about to commit an offense." Section 46-5-401(1), MCA; *State v. Peters*, 2011 MT 274, ¶ 57, 362 Mont. 389, 264 P.3d 1124; *Hulse v. DOJ, Motor Vehicle Div.*, 1998 MT 108, ¶ 12, 289 Mont. 1, 961 P.2d 75.

¶10 Particularized suspicion exists when an officer has "objective data and articulable facts from which an officer can make certain inferences, and a resulting suspicion that the subject is, or has been, engaged in wrongdoing." *City of Missoula v. Moore*, 2011 MT 61, ¶ 16, 360 Mont. 22, 251 P.3d 679. Whether particularized suspicion exists is a question of fact, which is evaluated under the totality of the circumstances. *Gill*, ¶ 15. When evaluating the totality of the circumstances a court considers the quantity or content of the information available and the quality or degree of reliability of that information. *Gill*, ¶ 15.

4

¶11 An arresting officer may rely on information conveyed by a reliable third person to form the particularized suspicion necessary to justify an investigative stop. *State v. Pratt*, 286 Mont. 156, 162, 951 P.2d 37, 41 (1997). To determine the reliability of a third person report and thus the sufficiency of an officer's particularized suspicion based on that report, this Court has adopted three factors to use in its evaluation. *State v. Clawson*, 2009 MT 228, ¶ 11, 351 Mont. 354, 212 P.3d 1056 (citing *Pratt*, 286 Mont. at 164-65, 951 P.2d at 42-43). The factors are: (1) whether the informant identified themselves to the authorities; (2) whether the informant's report is based on personal observation; and (3) whether the officer's observations corroborate the informant's information. *Pratt*, 286 Mont. at 164-65, 951 P.2d at 42-43.

¶12 Foster argues Rees' report was unreliable, and even if it was reliable, Trooper Voss failed to obtain objective data or articulable facts sufficient to provide particularized suspicion for the stop. We judge the reliability of the citizen informant's report using the *Pratt* factors. The first *Pratt* factor is whether the informant identified himself or herself to the authorities. *Pratt*, 286 Mont. at 165, 951 P.2d at 43. Foster argues Rees' report is unreliable because he failed to provide and dispatch failed to ask for personal identifying information such as Rees' phone number and address. Foster asserts that Rees was required to provide his name, address, and phone number; otherwise, the report is unreliable. We are not convinced.

¶13 An informant's tip may be considered more reliable where the citizen identifies himself or herself, thus exposing himself to civil and criminal liability. *Pratt*, 286 Mont. at 165, 951 P.2d at 42; *see also State v. Myhre*, 2005 MT 278, ¶ 14, 329 Mont. 210, 124

5

P.3d 126 (during the 911 call, citizen provided her first name, phone number, home town, description of her vehicle, and a partial license plate of the alleged offender); *Gill*, ¶ 18-19 (citizen provided first and last name, home address, phone number, and location from which she called). However, a citizen reporter is not required to self-identify or provide specific pieces of personal information in order for the report to be deemed reliable. *State v. Brander*, 2004 MT 150, 321 Mont. 484, 92 P.3d 1173 (citizen reporter elected to stay anonymous and based on the totality of the circumstances the arresting officer had particularized suspicion); *State v. Lee*, 282 Mont. 391, 395, 938 P.2d 637, 640 (1997) ("an arresting officer may rely on information conveyed by a reliable third person, including an anonymous citizen informant, in forming the basis for a particularized suspicion to justify an investigative stop").

¶14 Here, Rees provided his full name, his current location, and that he was willing to, and did in fact, go to the Beaverhead County Courthouse to sign and complete his report. Due to the technology available to the 911 dispatcher, the phone number that Rees used to make his report was known to dispatch. The report provided to dispatch by Rees was reliable. The District Court's finding that the first *Pratt* factor was satisfied was based on substantial evidence and is not clearly erroneous.

¶15 The second *Pratt* factor is whether the informant's report is based on personal observation. *Pratt*, 286 Mont. at 165, 951 P.2d at 42. Foster argues Rees' personal observations in his report lacked objective data and articulable facts that Foster was driving while intoxicated. An officer is allowed to infer that a report is based on a citizen informant's personal observations if "the report contains sufficient detail that it is apparent

6

that the informant has not been fabricating the report out of whole cloth and the report is of the sort which in common experience may be recognized as having been obtained in a reliable way." *Moore*, ¶ 21. A citizen informant's belief that a person is DUI must be based on his or her personal observations. *Moore*, ¶ 21 (citing *Clawson*, ¶ 13). Innocent details, personally observed by the citizen informant, are also relevant in assessing the reliability of the report. *Moore*, ¶ 21.

¶16 Here, Rees based his report on his personal observations. Rees personally observed a potential drunk driver because the driver was "driving all over the road." Rees was traveling in the same direction as Foster when Rees observed his dangerous driving behavior. He provided dispatch with a detailed description of the vehicle, including the make, model, and color, the sex of the driver, and that the vehicle had a "big concrete cylinder in the bed of his truck." Rees reported the vehicle had pulled over to the side of the road as he passed by, allowing him to have a closer observation.

¶17 Foster argues the information Rees provided lacked sufficient detail to provide a basis for his suspicion that Foster was driving while intoxicated. He cites *State v. Reiner*, 2003 MT 243, 317 Mont. 304, 77 P.3d 210, and *State v. Lee*, 282 Mont. 391, 938 P.2d 637 (1997). These cases are distinguishable. In both *Reiner* and *Lee,* the citizen informant remained anonymous, thus making their reports less reliable than Rees' report. *Reiner*, ¶ 3; *Lee*, 282 Mont. at 395, 938 P.2d at 640. Further, the citizen informants in *Reiner* and *Lee* failed to provide any reason why the caller believed the driver was intoxicated. *Reiner*, ¶ 3; *Lee*, 282 Mont. at 395, 938 P.2d at 640. The callers provided only a description of the vehicle, direction of travel, and the hunch that the driver was DUI.

7

¶18 Here, Rees' own contemporaneous personal observations of Foster's pickup, load, and driving behavior provided sufficient detail of articulable data and objective facts that justified Trooper Voss' reliance upon the report provided. The District Court's finding that the second *Pratt* factor was satisfied was based on substantial evidence and is not clearly erroneous.

¶19 The third *Pratt* factor is whether the officer's own observations corroborated the informant's information. *Pratt*, 286 Mont. at 165, 951 P.2d at 43. An officer corroborates an informant's report by observing illegal activity or by finding "the person, the vehicle, and the vehicle's location substantially as described by the informant." *Gill*, ¶ 30 (citing *Pratt*, 286 Mont. at 165, 951 P.2d at 43). Where the first and second factors have been satisfied, an officer may corroborate the citizen informant's report by observing wholly innocent behavior. *Gill*, ¶ 30.

¶20 Foster argues the District Court erred when it determined Trooper Voss corroborated Rees' report. Foster asserts Trooper Voss could not have corroborated Rees' description of the vehicle because his vehicle had a memorable license plate and bumper stickers, which were not described by Rees. Foster asserts the concrete cylinder in the truck bed was not sufficient to distinguish the vehicle.

¶21 This Court has determined an officer corroborates a citizen informant's report by observing "wholly innocent behavior such as the vehicle's make, model, and color, and found in the direction of travel reported." *Moore*, ¶ 25. Trooper Voss corroborated Rees' report within minutes of the 911 report by observing a vehicle matching the make (Dodge),

8

model (Ram), color (dark blue), distinctive load (concrete cylinder), traveling on the same highway (Highway 41), and in the last known direction of travel (southbound).

¶22 Moreover, Trooper Voss personally witnessed Foster's truck "cross the white line" onto the shoulder of the highway, travel at a relatively low speed, and "weave in the traffic lane." In contrast to *Pratt* and *Lee,* Trooper Voss' particularized suspicion that Foster was DUI was not based solely on the report. Independent of Rees' report, Trooper Voss observed "objective data and articulable facts" from which he was able to infer and thus suspect Foster was DUI. *Moore*, ¶ 16. The District Court's finding that the third *Pratt* factor was satisfied was based on substantial evidence and is not clearly erroneous.

¶23 The State had particularized suspicion for the stop because Trooper Voss observed Foster in circumstances which led Trooper Voss to believe Foster was DUI. Section 46-5-401(1), MCA; *Peters*, ¶ 58; *Hulse*, ¶ 12. Trooper Voss had objective data and articulable facts: Foster's relatively slow speed, weaving in the traffic lane, and crossing the white line, as well as Rees' report that Foster was "all over the road." From this data and facts Trooper Voss suspected Foster was currently DUI. *Moore*, ¶ 16. The District Court's determination that the State had particularized suspicion to stop Foster was based on substantial evidence and is not clearly erroneous.

**CONCLUSION**

¶24 Based on the totality of the circumstances, we conclude Rees' report contained sufficient indicia of reliability to form the basis for Trooper Voss' particularized suspicion. Moreover, Trooper Voss independently formed particularized suspicion that Foster was DUI. The District Court's determination that particularized suspicion existed is not clearly

9

erroneous. The District Court did not err in denying Foster's motion to suppress all evidence and motion to dismiss.

¶25 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ DIRK M. SANDEFUR
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE