FILED

09/26/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0535

DA 16-0535

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 237

STATE OF MONTANA,

        Plaintiff and Appellee,

   v.

KYLE WADE NELSON,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-16-137
Honorable Karen Townsend, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

          Nathaniel S. Holloway. Paul T. Ryan, Paul Ryan & Associates, PLLC,
Missoula, Montana

       For Appellee:

          Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant
Attorney General, Helena, Montana

          Kirsten Pabst, Missoula County Attorney, Brittany Santorno, Deputy
County Attorney, Missoula, Montana

Submitted on Briefs:  August 2, 2017

Decided:   September 26, 2017

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Kyle Wade Nelson (Nelson) appeals from the District Court's denial of his motion to suppress. We affirm.

¶2      We restate the issue on appeal as follows:

*Did the District Court err when it denied defendant's motion to suppress?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3      On July 25, 2015, Kittrell Saunders (Saunders), a waitress, called 911 to report a drunk individual driving away from a restaurant. Saunders called 911 while a coworker, Justin Sharbono (Sharbono), watched the individual leave the restaurant, get in his vehicle, and drive away. Saunders reported her first and last name, the location of where she was calling from, her place of employment, a make, model, and license plate number of the vehicle, as well as the location of travel. Saunders reported Sharbono's name and that they were both willing to sign a complaint about what they witnessed. Saunders spoke with both the 911 operator and Sharbono simultaneously. Saunders informed dispatch that the man was "walking into stuff, and he was going all over the place. He couldn't walk in a straight line to save his life, and then he got in the, stumbled around and got in the vehicle." Sharbono, while not the caller, could be heard by the dispatcher say, "he just bounced off that wall."

¶4      Montana Highway Patrol Trooper Luke Burson was on patrol in the area when he received the report from dispatch. Eleven minutes after the initial report, Trooper Burson located the van in a hotel parking lot. He observed the vehicle drive from the check-in area

2

to a spot in the parking lot. Trooper Burson activated his lights and made contact with the driver, Nelson. Trooper Burson conducted a driving under the influence (DUI) investigation after he smelled alcohol on Nelson. Trooper Burson arrested Nelson for DUI.

¶5 On July 25, 2015, the Missoula County attorney charged Nelson with DUI. In the Justice Court, Nelson filed a motion to suppress evidence of the stop based on Trooper Burson's lack of particularized suspicion based on an informant's tip. The State responded and an evidentiary hearing was held. The Justice Court granted Nelson's motion. The State appealed to the District Court, which reviewed the issue de novo. Nelson filed a motion to suppress, again arguing particularized suspicion did not exist and the "*Pratt factors*" were not met in order to create particularized suspicion based on Saunders' and Sharbono's report. The State responded and the District Court held an evidentiary hearing on May 9, 2016. Saunders, Sharbono, and Trooper Burson testified at the hearing. The District Court denied Nelson's motion. Nelson entered a *nolo contendere* plea pursuant to a plea agreement in which he reserved the right to appeal the denial of his motion to suppress. Nelson appeals.

## STANDARD OF REVIEW

¶6 We review a district court's denial of a motion to suppress to determine whether the court's findings are clearly erroneous and whether those findings were applied correctly as a matter of law. *State v. Gill*, 2012 MT 36, ¶ 10, 364 Mont. 182, 272 P.3d 60.

3

**DISCUSSION**

¶7    *Did the District Court err when it denied defendant's motion to suppress?*

¶8    Nelson argues the District Court erroneously denied his motion to suppress the evidence of the stop. Specifically, Nelson argues the citizen informant's tip was unreliable and that Trooper Burson did not have particularized suspicion to conduct an investigatory stop. The State asserts Trooper Burson was provided with a reliable citizen informant's tip which created the particularized suspicion necessary to conduct an investigatory stop.

¶9    Both the United States Constitution and the Montana Constitution protect individuals from unreasonable searches and seizures. U.S. Const. amend. IV; Mont. Const. art. II, § 11. Under Montana law, a law enforcement officer "may stop any person or vehicle that is observed in circumstances that create a particularized suspicion that the person or occupant of the vehicle has committed, is committing, or is about to commit an offense." Section 46-5-401(1), MCA; *State v. Peters*, 2011 MT 274, ¶ 57, 362 Mont. 389, 264 P.3d 1124; *Hulse v. DOJ, Motor Vehicle Div.*, 1998 MT 108, ¶ 12, 289 Mont. 1, 961 P.2d 75.

¶10    Particularized suspicion exists when an officer has "objective data and articulable facts from which an officer can make certain inferences, and a resulting suspicion that the subject is, or has been, engaged in wrongdoing." *City of Missoula v. Moore*, 2011 MT 61, ¶ 16, 360 Mont. 22, 251 P.3d 679. Whether particularized suspicion exists is a question of fact, which is evaluated under the totality of the circumstances. *Gill*, ¶ 15. When evaluating the totality of the circumstances a court considers the quantity or content of the

information available and the quality or degree of reliability of that information. *Gill*, ¶ 15.

¶11 An arresting officer may rely on information conveyed by a reliable third person to form the particularized suspicion necessary to justify an investigative stop. *State v. Pratt*, 286 Mont. 156, 162, 951 P.2d 37, 41 (1997). To determine the reliability of a third person report and thus the sufficiency of an officer's particularized suspicion based on that report, this Court has adopted three factors to use in its evaluation. *State v. Clawson*, 2009 MT 228, ¶ 11, 351 Mont. 354, 212 P.3d 1056 (citing *Pratt*, 286 Mont. at 164-65, 951 P.2d at 42-43). The factors are: (1) whether the informant identified herself to the authorities; (2) whether the informant's report is based on personal observation; and (3) whether the officer's observations corroborate the informant's information. *Pratt*, 286 Mont. at 164-65, 951 P.2d at 42-43.

¶12 Nelson argues, contrary to the facts in the record, that Saunders' report was unreliable because she did not identify herself, she was not the personally observing party, and that she was not willing to sign a complaint. Nelson argues Sharbono's report was insufficient to believe Nelson was drunk. Therefore, the citizen informant's tip was insufficient to give Trooper Burson particularized suspicion for an investigatory stop.

¶13 The first *Pratt* factor is whether the informant identified herself to the authorities. *Pratt*, 286 Mont. at 165, 951 P.2d at 42. An informant's tip may be considered more reliable where the citizen identifies himself or herself, thus exposing himself to civil and criminal liability. *State v. Foster*, 2017 MT 118, ¶ 13, 387 Mont. 402, 394 P.3d 916 (citing *Pratt*, 286 Mont. at 165, 951 P.2d at 42). However, a citizen reporter is not required to

5

self-identify or provide specific pieces of personal information in order for the report to be deemed reliable. *Foster*, ¶ 13 (citing *State v. Brander*, 2004 MT 150, 321 Mont. 484, 92 P.3d 1173; *State v. Lee*, 282 Mont. 391, 395, 938 P.2d 637, 640 (1997)). A citizen reporter is not required to sign or be willing to sign a complaint in order for the report to be considered reliable. *See City of Missoula v. Tye*, 2016 MT 153, ¶ 3, 384 Mont. 24, 372 P.3d 1286.

¶14 Nelson concedes Sharbono's report satisfies the first factor because he was identified and willing to sign a complaint that Nelson was drunk. However, Nelson contests the reliability of Saunders' report. As the record disclosed, Saunders told and spelled to dispatch her first and last name, agreed to sign a complaint, provided her place of work and stated she could be reached there. Saunders testified at the evidentiary hearing to the above. This Court does not require a citizen informant to identify himself or herself or be willing to sign a complaint in order for the report to be deemed reliable. Here, Saunders both identified herself and was willing to sign a complaint. The District Court's finding that the first *Pratt* factor was satisfied is supported by substantial evidence and is not clearly erroneous.

¶15 The second *Pratt* factor is whether the informant's report is based on personal observation. *Pratt*, 286 Mont. at 165, 951 P.2d at 42. An officer is allowed to infer that a report is based on a citizen informant's personal observations if "the report contains sufficient detail that it is apparent that the informant has not been fabricating the report out of whole cloth and the report is of the sort which in common experience may be recognized as having been obtained in a reliable way." *Moore*, ¶ 21. A citizen informant's belief that

6

a person is DUI must be based on his or her personal observations. *Moore*, ¶ 21. Innocent details, personally observed by the citizen informant, are also relevant in assessing the reliability of the report. *Moore*, ¶ 21.

¶16 Nelson argues Saunders' and Sharbono's personal observations are insufficient to allow Trooper Burson to infer the observations were made personally. Nelson argues because Saunders relayed Sharbono's personal observations the report was insufficiently based on personal observations.

¶17 This Court has determined that a report is made on personal observations sufficient to create particularized suspicion when a citizen informant relays information from a third party who is contemporaneously observing the behavior of the individual in question. *See Pratt*, 286 Mont. at 166, 951 P.2d at 43. Recently, this Court reviewed this issue in *State v. Zietlow*, 2017 MT 148, ¶ 13, 388 Mont. 26, 396 P.3d 740. Similar to Saunders' and Sharbono's report, the caller in *Zietlow* related information regarding a possible drunk driver to the dispatcher which was relayed to her by a coworker and the caller relayed her own personal observations to the dispatcher. *Zietlow*, ¶ 13. This Court determined the report was sufficient to satisfy *Pratt* because "the circumstances clearly establish the conduct was occurring as [caller] was talking to dispatch and that [caller] was relating what [coworker] was contemporaneously reporting and observing," and that separate calls by each to law enforcement were not necessary. *Zietlow*, ¶ 13.

¶18 Here, Saunders was on the phone with the dispatcher while Sharbono watched Nelson drive away. Saunders spoke with both Sharbono and the dispatcher, contemporaneously relaying information from Sharbono. In fact, while Sharbono was not

the caller, dispatch could hear him over the phone state that "he just bounced off that wall." Saunders then informed dispatch that she observed the man "walking into stuff, and he was going all over the place. He couldn't walk in a straight line to save his life, and then he got in the, stumbled around and got in the vehicle." The District Court's finding that the report was based on the personal observations of Saunders and Sharbono is supported by substantial evidence and is not clearly erroneous.

¶19 The third *Pratt* factor is whether the officer's observations corroborate the informant's information. *Pratt*, 286 Mont. at 165, 951 P.2d at 43. An officer corroborates an informant's report by observing illegal activity or by finding "the person, the vehicle, and the vehicle's location substantially as described by the informant." *Gill*, ¶ 30 (citing *Pratt*, 286 Mont. at 165, 951 P.2d at 43). Where the first and second factors have been satisfied, an officer may corroborate the citizen informant's report by observing wholly innocent behavior. *Gill*, ¶ 30. Nelson argues that the first two *Pratt* factors were not satisfied; therefore, Trooper Burson was required to observe independently illegal activity or evidence of impairment to form particularized suspicion before making the investigatory stop. *Pratt*, 286 Mont. at 168, 951 P.2d at 44.

¶20 We determined above that the District Court's findings were not clearly erroneous and were based on substantial evidence when it determined the first two *Pratt* factors had been satisfied. Therefore, Trooper Burson could corroborate Saunders' and Sharbono's report by observing wholly innocent behavior. Nelson concedes that Trooper Burson corroborated Saunders' description of the vehicle and license plate number, its location,

8

and its direction of travel.  The District Court's finding that the third *Pratt* factor was satisfied is supported by substantial evidence and is not clearly erroneous.

## CONCLUSION

¶21    Based on the totality of the circumstances, we conclude that the District Court's determination that particularized suspicion existed is not clearly erroneous.  Saunders' and Sharbono's report contained sufficient indicia of reliability to form the basis for Trooper Burson's particularized suspicion.  The District Court did not err in denying Nelson's motion to suppress.

¶22    Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ JAMES JEREMIAH SHEA

9