

ORIGINAL

FILED

05/05/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0430

DA 19-0430

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2020 MT 111N

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

JOSEPH H. SCHMAUS,

      Defendant and Appellant.

FILED

MAY 05 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

APPEAL FROM:     District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. DDC 2019-78
Honorable James P. Reynolds, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Joseph H. Schmaus, Self-represented, Helena, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss, Assistant
Attorney General, Helena, Montana

            Leo John Gallagher, Lewis and Clark County Attorney, Peter E. Delmoe,
Deputy County Attorney, Helena, Montana

Submitted on Briefs:  February 26, 2020

Decided:  May 5, 2020

Filed:

                _____
                          Clerk

Justice Dirk Sandefur delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and has no precedential value. The case title, cause number, and disposition shall be included in our quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Joseph H. Schmaus appeals pro se from the judgment of the Montana First Judicial District Court, Lewis and Clark County, affirming the judgment of the Lewis and Clark County Justice Court denying his motion to suppress evidence of driving under the influence of alcohol (DUI). He asserts that the investigating Montana Highway Patrol Trooper lacked sufficient particularized suspicion to make the initial non-DUI-related traffic stop that ultimately led to the discovery of DUI evidence against him. We affirm.

¶3 On July 28, 2018, the Trooper was stopped southbound on Green Meadow Drive in Helena at a red light at the intersection of Green Meadow and Custer Avenue, waiting to turn west onto Custer. He observed a Toyota minivan, traveling eastbound on Custer, approach and enter the intersection without slowing as the traffic light changed from yellow to red. Based on the apparent red light violation, the Trooper turned left onto Custer, activated his patrol car top lights, and pursued. After the minivan failed to stop and continued eastbound through the next controlled intersection at North Benton Avenue, the pursuing Trooper activated his emergency siren. The minivan continued on through at least one more intersection before eventually turning off Custer and stopping on a bus loop in front of the Four Georgians School. The Trooper approached on foot, identified the driver as Schmaus, and, upon observing indicia of alcohol impairment, initiated a DUI

2

investigation. He ultimately arrested Schmaus and cited him into Justice Court on a red light violation and second offense Aggravated DUI.

¶4 After pleading not guilty, Schmaus filed separate motions through counsel to dismiss the red light violation due to lack of probable cause and the DUI charge due to lack of particularized suspicion for the initial investigative stop. Upon hearing, the Justice Court denied both motions. Pursuant to an apparent oral plea agreement, Schmaus later pled guilty to a reduced DUI charge (second offense DUI per se). The court then dismissed the red light violation, sentenced him on the DUI charge, and stayed execution of sentence pending appeal. Schmaus timely appealed the denial of his motion to dismiss the original DUI charge. After the District Court affirmed, Schmaus timely appeals here.

¶5 On appeal from a justice court of record, district courts function as intermediate appellate courts confined to review of the record and questions of law. Sections 3-5-303 and 3-10-115, MCA; *State v. Luke*, 2014 MT 22, ¶ 9, 373 Mont. 398, 321 P.3d 70.[1] On appeal of a district court ruling on a justice court appeal, we review the justice court ruling as if appealed directly to this Court. *State v. Maile*, 2017 MT 154, ¶ 7, 388 Mont. 33, 396 P.3d 1270; *Stanley v. Lemire*, 2006 MT 304, ¶¶ 25-26, 334 Mont. 489, 148 P.3d 643. We review a lower court denial of a motion to suppress evidence for whether pertinent findings of fact are clearly erroneous and whether the court correctly applied controlling law. *State v. Foster*, 2017 MT 118, ¶ 6, 387 Mont. 402, 394 P.3d 916; *State v. Massey*, 2016 MT 316, ¶ 7, 385 Mont. 460, 385 P.3d 544.

---

[1] The Lewis and Clark County Justice Court is a court of record as defined by § 3-10-101(5), MCA.

3

¶6    As an exception to the warrant requirements of the Fourth Amendment to the United States Constitution and Montana Constitution Article II, Section 11, a law enforcement officer may briefly stop and detain a person for investigative purposes without a warrant or probable cause if, based on specific and articulable facts known to the officer, including rational inferences from the perspective of those versed in law enforcement, the officer has an objectively reasonable, particularized suspicion that the person is engaged, or about to engage, in criminal activity. *State v. Elison*, 2000 MT 288, ¶ 15, 302 Mont. 228, 14 P.3d 456; *State v. Roberts*, 1999 MT 59, ¶ 12, 293 Mont. 476, 977 P.2d 974; *State v. Reynolds*, 272 Mont. 46, 49-50, 899 P.2d 540, 542 (1995); *State v. Gopher*, 193 Mont. 189, 193-94, 631 P.2d 293, 295-96 (1981); *United States v. Cortez*, 449 U.S. 411, 417-18, 101 S. Ct. 690, 694-95 (1981); *Terry v. Ohio*, 392 U.S. 1, 16-19, 88 S. Ct. 1868, 1877-79 (1968).[2] The particularized suspicion standard does not require that an officer be certain, or even ultimately correct, that a person was in fact engaged in the suspected criminal activity. *See State v. Thomas*, 2008 MT 206, ¶ 10, 344 Mont. 150, 186 P.3d 864; *State v. Henderson*, 1998 MT 233, ¶ 12, 291 Mont. 77, 966 P.2d 137; *Gopher*, 193 Mont. at 192, 631 P.2d at 295; *Cortez*, 449 U.S. at 418, 101 S. Ct. at 695.[3] Whether an officer had sufficient

---

[2] *See also* §§ 46-5-401(1) and -403, MCA (authorizing temporary investigative stops based on particularized suspicion of criminal activity); *State v. Bar-Jonah*, 2004 MT 344, ¶ 42, 324 Mont. 278, 102 P.3d 1229 (noting Montana codification of constitutional principles).

[3] Based on additional information developed incident to a lawful stop, new or broader particularized suspicion of criminal activity may develop and thus permissibly expand the duration and scope of the stop beyond its initial purpose. *State v. Case*, 2007 MT 161, ¶ 34, 338 Mont. 87, 162 P.3d 849; *State v. Carlson*, 2000 MT 320, ¶ 21, 302 Mont. 508, 15 P.3d 893; *Hulse v. State*, 1998 MT 108, ¶¶ 40-42, 289 Mont. 1, 961 P.2d 75; *State v. Sharp*, 217 Mont. 40, 46, 702 P.2d 959, 963 (1985).

particularized suspicion of criminal activity for an investigative stop is generally a question of fact under the totality of circumstances. *Kaufman*, ¶ 11; *Cortez*, 449 U.S. at 417-18, 101 S. Ct. at 695.

¶7      Here, the only evidence presented and considered at the hearing on Schmaus's suppression motion was the investigating Trooper's incident report and a 26-second video recording from his onboard patrol car camera that captured Schmaus's approach and passage through the subject intersection.[4] The video clearly showed that the subject traffic light was green for east-west traffic on Custer Avenue as the Trooper approached the intersection. However, due to the limited camera angle from where the patrol car was stopped, the video did not show the light when the minivan crossed into the intersection.

¶8      However, the Trooper's uncontested incident report stated that:

> [he] observed . . . a minivan heading eastbound which did not attempt to reduce speed for the light. . . . [T]he front tires of the vehicle crossed into the intersection as the light changed from yellow to red. The minivan made no attempt to reduce speed or stop as the light changed color.

The Justice Court accordingly found that "the incident took place in an instant" and that the Trooper "observed the minivan go through what he apparently thought was a red light." If found credible by the finder of fact, an officer's uncorroborated observations are sufficient alone for particularized suspicion for an investigative stop. *State v. Deines*, 2009 MT 179, ¶ 21, 351 Mont. 1, 208 P.3d 857. *Accord Kummerfeldt v. State*, 2015 MT 109, ¶ 11, 378 Mont. 522, 347 P.3d 1233 (affirming lower court conclusion of sufficient

---

[4] Schmaus presented both exhibits without objection from the State.

particularized suspicion based on uncorroborated officer's account where onboard video of the scene and circumstances was inconclusive). Under the totality of the circumstances indicated on the evidentiary record here, we hold that the Justice Court did not erroneously conclude that the Trooper had sufficient particularized suspicion of a red light violation for the initial investigative stop.

¶9 This case presents a question controlled by settled law or by the clear application of the applicable standard of review. We accordingly decide this case by memorandum opinion pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules.

¶10 Affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

6