FILED

04/06/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0489

DA 19-0489

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 83

STATE OF MONTANA,

      Plaintiff and Appellee

  v.

KYLE WADE NELSON,

      Defendant and Appellant,

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-16-137
Honorable Karen S. Townsend, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      David M. Maldonado, Maldonado Law, PLLC, Missoula, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Roy Brown, Assistant
Attorney General, Helena, Montana

      Kirsten Pabst, Missoula County Attorney, Brittany Lynn Williams, Deputy
County Attorney, Missoula, Montana

Submitted on Briefs: February 17, 2021

Decided: April 6, 2021

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Kyle Wade Nelson appeals the Order Re: Lifting Stay and for Further Proceedings from the Fourth Judicial District Court, Missoula County, entered May 22, 2019. The District Court sentenced Nelson to six months with all but twenty-four hours suspended for a first offense driving under the influence (DUI) conviction on July 19, 2016. The court entered its written judgment on September 14, 2016. The court stayed execution of the sentence during Nelson's appeal. Nelson's conviction was ultimately affirmed on appeal and the District Court issued notice of remittitur to the parties on October 17, 2017. Eighteen months after remittitur issued from this Court, the State moved to lift the stay and require Nelson to serve his sentence, which the District Court granted. We reframe the issue on appeal as follows:

*1. Whether the District Court still had authority to impose the sentence after the State's delay in seeking to execute the sentence.*

We reverse the court's orders lifting the stay and re-imposing the July 19, 2016 sentence as Nelson's sentence had already expired. Nelson's conviction for DUI is affirmed.

## PROCEDURAL AND FACTUAL BACKGROUND

¶2 On July 25, 2015, the State charged Nelson with a first offense misdemeanor DUI. Nelson pleaded not guilty before the Missoula County Justice Court and posted bond. Nelson filed a motion to suppress evidence, alleging a lack of particularized suspicion to conduct the initial traffic stop. The Justice Court granted the motion. The State appealed to the District Court, which reviewed the issue de novo. After an evidentiary hearing, the District Court denied Nelson's motion. Nelson then entered a no contest plea, reserving

2

his right to appeal the denial of his motion to suppress. On July 19, 2016, the court accepted Nelson's plea and sentenced him to six months of incarceration with all but 24 hours suspended, along with a $685 fine and $50 in prosecution costs. Pursuant to the parties' stipulation, the court "stay[ed] execution of the judgment while his appeal is pending" in its September 14, 2016 written Misdemeanor Judgment.

¶3 This Court affirmed the District Court's denial of Nelson's motion to suppress in *State v. Nelson*, 2017 MT 237, 389 Mont. 1, 402 P.3d 1239. This Court issued remittitur on October 12, 2017, and the District Court notified the parties of remittitur on October 17, 2017. Six months later on April 10, 2018, the District Court issued an Order, stating "[t]his matter having been disposed, IT IS HEREBY ORDERED that the bond posted in this matter is exonerated." On April 22, 2019—more than a year after the court exonerated Nelson's bond—the State moved to lift the stay and set a status hearing. 552 days had passed from the District Court's notice of remittitur to the State's motion to lift the stay. Nelson objected to the execution of sentence after such a lengthy delay. On May 22, 2019, the District Court granted the State's motion to lift the stay over Nelson's objections and set a status hearing. Upon the parties' stipulation, the court issued an order on July 23, 2019, vacating the status hearing, imposing the July 19, 2016 sentence, and staying the execution[1] of the sentence "pending appeal." Nelson timely appeals.

---

[1] While the July 23, 2019 order purports to stay the "imposition" of the sentence, it is clear the District Court stayed the *execution* of the sentence, as the court already had imposed Nelson's sentence on July 19, 2016, and re-imposed the sentence with the July 23, 2019 order. *See City of Billings v. Costa*, 2006 MT 181, ¶¶ 10-11, 333 Mont. 84, 140 P.3d 1070.

**STANDARD OF REVIEW**

¶4     We review a district court's interpretation and application of the law or constitution de novo for correctness. *State v. Betterman*, 2015 MT 39, ¶ 11, 378 Mont. 182, 342 P.3d 971.

**DISCUSSION**

¶5     Nelson first argues the District Court lacked jurisdiction to grant the State's motion to lift the stay and execute the July 19, 2016 sentence because the maximum possible punishment for the first offense misdemeanor DUI was six months and the eighteen-month delay after remittitur far exceeded six months. Nelson further argues executing the sentence now would offend traditional notions of liberty and justice and undermine Montana's sentencing policy pursuant to §§ 46-18-101(3)(a), -102(3)(a), and -115, MCA, because punishment would be untimely, disproportionately inconsistent with other first time misdemeanor traffic offenders, and uncertain based on when it would be executed. Nelson argues these statutory provisions together with the due process guarantees of the Montana and United States Constitutions protect him from unreasonable delays in the execution of his sentence.

¶6     Nelson frames his first argument as one of jurisdiction—arguing the District Court lost jurisdiction over his case when it failed to act within six months. Nelson's argument is unclear when the District Court's six-month window of jurisdiction began to run, arguing the District Court lost jurisdiction both six months after the October 12, 2017 remittitur and six months after it issued its April 10, 2018 Order disposing of the matter and

4

exonerating his bond. Regardless of the confusion, Nelson's jurisdiction argument is misplaced. Jurisdiction refers to a court's power to adjudicate a case. *State v. Spreadbury*, 2011 MT 176, ¶ 8, 361 Mont. 253, 257 P.3d 392. Upon remittitur, the District Court regained jurisdiction over the case to make "all orders necessary to carry the judgment into effect." Section 46-20-706(2), MCA. The District Court did not lack jurisdiction to issue orders in this case. This, however, does not resolve the issue of whether the District Court properly granted the State's motion to lift the stay of execution and re-impose the July 19, 2016 sentence.

¶7 The September 14, 2016 Misdemeanor Judgment stated "The Defendant reserves the right to appeal the denial of his Motion to Suppress. The parties stipulate to staying execution of the judgment *while his appeal is pending*." (Emphasis added.) Nelson's appeal was no longer pending once this Court issued remittitur. Thus, the stay lifted on its own terms as Nelson's appeal was no longer pending when this Court issued remittitur.[2] As we explained in *City of Billings v. Costa*, 2006 MT 181, ¶ 14, 333 Mont. 84, 140 P.3d 1070, "it is unnecessary for an appellate court to direct that a stay pending appeal be lifted, once the defendant has exhausted his or her right to appeal and the underlying judgment and sentence have been affirmed." To the extent further orders were necessary to carry the judgment into effect, those orders needed to be issued by the District Court. *See* § 46-20-706, MCA. The court's stay order, however, did not require further order from

---

[2] Nelson, rather inarticulately, also asserts that his sentence expired at some point after the appeal was no longer pending.

5

the District Court—the order stayed execution "while [Nelson's] appeal is pending" and upon remittitur, the appeal was no longer pending.

¶8 Given the language of the stay order, the onus was on the State to act swiftly upon remittitur to seek Nelson's voluntary surrender or an additional order of commitment from the District Court. The State had ample notice of the remittitur and opportunity to seek enforcement of the sentencing judgment, and it failed to do so during the time of the six-month sentence. There is no dispute the State received notice of this Court's remittitur on October 17, 2017. The State then did nothing to enforce the sentencing judgment. Six months later on April 10, 2018, the District Court issued an Order exonerating bond and stating the matter had been disposed. Again, the State did nothing in response. On April 22, 2019—more than a year after the court exonerated Nelson's bond and over 18 months after remittitur—the State moved to lift the stay and set a status hearing. 552 days had passed from the District Court's notice of remittitur to the State's motion to lift the already expired stay—a time period over which Nelson could have served his entire sentence three times. By this time, Nelson's six-month sentence was long expired, and the State could no longer execute the terms of the sentence. As such, we conclude the District Court erred in granting the State's motion to lift the stay, re-impose the July 19, 2016 sentence, and require execution of the terms and conditions of an already expired sentence.

¶9 As we hold Nelson's sentence expired before the State sought to enforce its terms and conditions, we do not reach Nelson's other arguments.

**CONCLUSION**

¶10    The District Court's orders lifting the stay and re-imposing the July 19, 2016 sentence are reversed as Nelson's sentence had already expired.  Nelson's conviction is affirmed.

/S/ INGRID GUSTAFSON


We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE